**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4547

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES ARNESS ERBY, a/k/a Rasta, a/k/a Fife,
a/k/a Antwa Amala, a/k/a Antwa Damala,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.   Claude M. Hilton, Senior
District Judge.   (1:05-cr-00151-CMH-AL)

Submitted:  July 31, 2007        Decided:  August 24, 2007

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Paul P. Vangellow, PAUL P. VANGELLOW, P.C., Falls Church, Virginia,
for Appellant.  Chuck Rosenberg, United States Attorney, Martha
Pacold, Special Assistant United States Attorney, Alexandria,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, James Arness Erby was convicted of being a felon in possession of a firearm and ammunition on or about October 16, 2004, in violation of 18 U.S.C. § 922(g)(1) (2000) ("Count One"); being a felon in possession of a firearm and ammunition on or about December 30, 2004, also in violation of 18 U.S.C. § 922(g)(1) ("Count Two"); conspiracy to distribute MDMA, a Schedule I controlled substance more commonly known as ecstasy, in violation of 21 U.S.C. § 841(a)(1) (2000) ("Count Three"); and use of a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (2000) ("Count Four"). Erby was sentenced to 120 months' imprisonment on both Counts One and Two and 240 months on Count Three, to be served concurrently, and life imprisonment on Count Four, to be served consecutively. For the reasons set forth below, we reject Erby's arguments on appeal and affirm his convictions and sentence.

Taken in the light most favorable to the Government, Evans v. United States, 504 U.S. 255, 257 (1992), the evidence presented at trial established the following facts. Erby frequently brought marijuana and ecstasy to Spotsylvania, Virginia, for distribution within that community. Erby also provided drugs to his associate, Belinda Alsop, for her to sell on his behalf. On

or about October 16, 2004,[1] Jessica Sheets asked Erby and Alsop to escort Sheets to her apartment. At the apartment, Sheets argued with Lantz Day, her boyfriend; the argument quickly escalated, resulting in Day slapping Sheets. Erby proceeded to shoot Day twice in the leg.

On December 30, 2004,[2] Erby arranged to meet James Ridley at the Springfield Mall. April Latimore, Erby's then-girlfriend, accompanied him; Ridley was accompanied by his girlfriend, Jasmine Raynor. Ridley had approximately $850 cash on his person. Ridley and Erby parked their vehicles near one another, and Erby exited his vehicle. As Raynor exited Ridley's car, she observed someone getting in the backseat of the car. However, Raynor could not see this person's face. When Raynor returned to Ridley's vehicle several minutes later, she found Ridley leaning against the door, not moving. Raynor immediately called for help, but Ridley was pronounced dead on the scene. Two bullets were removed from Ridley's body during an autopsy.

Later that evening, Erby told Latimore that he shot Ridley after he refused to submit to Erby's attempt to rob him. In addition to detailing his murder of Ridley, Erby also told Latimore that he shot Lantz Day. Erby also admitted shooting Day to

---

[1]The following facts form the predicate for Count One.

[2]Count Two was based on the following facts.

- 3 -

Harneisha Courtney and Charles Davis. All three — Latimore, Courtney, and Davis — testified against Erby at trial.

Julian Mason, the Government's forensic expert, testified that there was no facility in Virginia that manufactured the bullets removed from Day's leg and Ridley's body, and that these bullets were likely fired from the same firearm because the bullets were the same type, with "the same physical characteristics of manufacturing." Mason further testified that none of the firearms that would have caused the distinct markings found on the recovered bullets were manufactured in Virginia. The parties stipulated to Erby's prior felony conviction.

After the district court denied Erby's motion for a mistrial, Erby moved, pursuant to Fed. R. Crim. P. 29, for a judgment of acquittal, arguing that the Government failed to present sufficient evidence to convict him on both Count One and Count Two because it did not prove Erby's possession of the firearm was interrupted between the time of the first and second offenses. The Government responded that Erby's argument was really a challenge to the indictment as multiplicitous, and that Erby had waived any argument on that basis by failing to raise it prior to trial. The court denied the motion. After resting, Erby renewed his Rule 29 motion, which the court again denied. The jury convicted Erby on all four counts.

- 4 -

Prior to sentencing, Erby's attorney received an e-mail, ostensibly from Day, in which Day explained that he had recently met Erby in jail and learned that Erby had been convicted of a crime related to his shooting. Day asserted that Erby was not the person who shot him. Erby moved for a new trial, arguing that this information constituted newly discovered, exculpatory evidence. Day testified as to this matter at Erby's sentencing hearing. On cross-examination, Day conceded that he never actually gave a description of his shooter and that, when approached by police officers regarding the e-mail, he refused to discuss it with them.

The district court denied Erby's motion for a new trial. In addition to finding Day's testimony generally incredible, the district court noted that, when considered against the weight of the Government's evidence, Day's testimony would not have resulted in an acquittal. After considering and rejecting Erby's other sentencing arguments, the district court sentenced Erby to 120 months on Counts One and Two and 240 months on Count Three, to be served concurrently, and life imprisonment on Count Four, to be served consecutively. Erby timely noted his appeal.

Erby first argues that the evidence regarding Ridley's murder should have been excluded under Fed. R. Evid. 403 because its prejudicial nature outweighed its probative value. Rule 403 excludes otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice,

confusion of the issues, or misleading the jury." Fed. R. Evid. 403. "The mere fact that the evidence will damage the defendant's case is not enough — the evidence must be *unfairly* prejudicial, and the unfair prejudice must *substantially* outweigh the probative value of the evidence." United States v. Hammoud, 381 F.3d 316, 341 (4th Cir. 2004) (en banc) (internal quotation marks and citations omitted), vacated on other grounds, 543 U.S. 1097 (2005). The district court's ruling is overturned only under extraordinary circumstances, where the district court's discretion has been plainly abused, and it acted arbitrarily or irrationally. United States v. Simpson, 910 F.2d 154, 157 (4th Cir. 1990). The evidence is reviewed in the "light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." Id. (internal quotation marks and citations omitted).

In United States v. Williams, 445 F.3d 724 (4th Cir. 2006), we upheld the use of evidence of a murder to prove a felon-in-possession charge in factual circumstances very similar to those presented here. As Erby does here, the defendant in Williams argued that the district court erred in admitting evidence of the murder underlying the felon-in-possession charge. In rejecting this argument, we emphasized that the evidence of the victim's murder was highly relevant because "[a] determination that Williams shot [the victim] obviously would demonstrate that Williams possessed a firearm, and the evidence of the [victim's] murder

would also establish that the firearm that Williams possessed . . . satisfied the statutory definition of 'firearm.'" Williams, 445 F.3d at 732. Thus, while Williams was certainly prejudiced by the evidence of the murder, we opined that no unfair prejudice resulted from the admission of this evidence. Id. 732-33.

Williams controls the disposition of this issue. As was the case in Williams, the Government's evidence of Ridley's murder was probative and relevant to the felon-in-possession charge. Although Erby was prejudiced by this evidence in that it established his criminal culpability, it was certainly not unfair prejudice because the probative value of the evidence plainly outweighed the prejudicial affect. Because the district court did not abuse its discretion in admitting evidence of Ridley's murder, this claim fails.

Erby next asserts that his Rule 29 motion should have been granted because the indictment, which charged two felon-in-possession counts related to Erby's possession of a single firearm, was multiplicitious.[3]

---

[3]Erby further argues that, because the Government's evidence did not establish that Erby's possession of the firearm was interrupted or otherwise broken, the Government's evidence was insufficient as a matter of law to prove two separate charges. In his brief, Erby cites several cases from other circuits that support Erby's contention that, in order to sustain two felon-in-possession convictions for possession of the same firearm, the Government must prove that the defendant's possession of that firearm was interrupted and that the defendant subsequently

Pursuant to Fed. R. Crim. P. 12(b)(3), any motion alleging a defect in the indictment must be made prior to trial commencing. A defendant's failure to raise such a challenge prior to trial results in the waiver of the challenge, save for those instances in which the waiver is excused for good cause. Fed. R. Crim. P. 12(e); United States v. Colton, 231 F.3d 890, 909 (4th Cir. 2000). "Relief from the waiver of an objection is appropriate only if the moving party demonstrates cause for the failure to object and actual prejudice resulting from the defect." Colton, 231 F.3d at 909.

Erby raised this issue for the first time after the Government closed its case-in-chief. Erby's failure to raise this objection prior to trial waives his objection to it. Id. Moreover, Erby fails to show cause and resulting prejudice to relieve him from the impact of this waiver. Accordingly, we decline to consider the merits of this issue.

Erby also argues that he should have been awarded a new trial on the basis of Day's testimony, as proffered at sentencing, that Erby was not the person who shot him. According to Erby, Day's testimony constituted new, previously undiscoverable evidence that would have resulted in an acquittal.

---

reacquired possession thereof. See, e.g., United States v. Conley, 291 F.3d 464, 470-71 (7th Cir. 2002); United States v. Rivera, 77 F.3d 1348, 1351 (11th Cir. 1996). However, we have never adopted this position.

Federal Rule of Criminal Procedure 33(a) permits the trial court to grant a motion for a new trial "if the interest of justice so requires." To warrant a new trial under Fed. R. Crim. P. 33 based on newly discovered evidence, the defendant must show that: (1) the evidence is newly discovered; (2) the defendant used due diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence would probably result in an acquittal at a new trial. United States v. Lofton, 233 F.3d 313 (4th Cir. 2000). Unless the defendant can satisfy all five of these factors, the motion should be denied. United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989). We review a district court's order denying a motion for new trial for abuse of discretion. United States v. Lentz, 383 F.3d 191, 219 (4th Cir. 2004).

In denying Erby's motion, the district court first concluded that Day's testimony was generally incredible. Considering that Day was largely uncooperative with police officials, most significantly with regard to his outright refusal to ever provide a description of the shooter, it is reasonable that the district court would question the veracity of Day's post-trial revelations. Moreover, Day was extremely intoxicated the night of the shooting, thus inhibiting his ability to accurately recall the shooter's identity. The district court further opined that, if presented at a new trial, Day's testimony would not have resulted

- 9 -

in an acquittal, given the overwhelming nature of the Government's evidence of Erby's involvement in both Day's shooting and Ridley's murder. We conclude that the district court did not abuse its discretion in reaching this conclusion or in denying Erby's motion for a new trial.

Erby's last claim is that the district court violated his Fifth Amendment rights in enhancing his sentence based on uncharged and unadmitted facts, determined by the court at sentencing by a preponderance of the evidence. Erby emphasizes that this is not a claim pursuant to <u>United States v. Booker</u>, 543 U.S. 220 (2005), because <u>Booker</u> involved a Sixth Amendment challenge, and this claim is based on the Due Process Clause of the Fifth Amendment.

Our decisions have never suggested that the established practice of using the preponderance standard for making sentencing findings should be revisited.[4] Our sister circuits have all approved the use of the preponderance standard in determining a defendant's sentencing range under the advisory Sentencing Guidelines,[5] and we see no reason to proceed otherwise. The

___

[4]<u>See generally</u> <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005) ("Consistent with the remedial scheme set forth in <u>Booker</u>, a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines.").

[5]<u>See, e.g.</u>, <u>United States v. Pacheco</u>, __ F.3d __, 2007 WL 1559572, *4 (1st Cir. 2007); <u>United States v. Hall</u>, 473 F.3d 1295, 1312 (10th Cir. 2007); <u>United States v. Kosinski</u>, 480 F.3d 769, 775 (6th Cir. 2007); <u>United States v. Dean</u>, __ F.3d __, 2007 WL 1516144, *11 (11th Cir. 1007); <u>United States v. Bras</u>, 483 F.3d 103,

district court committed no error in applying the preponderance standard.

We affirm Erby's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

107-08 (2007); <u>United States v. Cooper</u>, 437 F.3d 324, 330 (3d Cir. 2006); <u>United States v. Tabor</u>, 439 F.3d 826, 830 (8th Cir. 2006); <u>United States v. Kilby</u>, 443 F.3d 1135, 1140-41 (9th Cir. 2006); <u>United States v. Gonzalez</u>, 407 F.3d 118, 125 (2d Cir. 2005); <u>United States v. Mares</u>, 402 F.3d 511, 519 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005); <u>McReynolds v. United States</u>, 397 F.3d 479, 481 (7th Cir.), <u>cert. denied</u>, 545 U.S. 1110 (2005); <u>United States v. Dean</u>, 414 F.3d 725, 730 (7th Cir. 2005).