REVISED October 30, 2008

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-60769

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

DANNY HOPE

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi

Before KING, HIGGINBOTHAM, and WIENER, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Defendant, Danny Hope, was apprehended following a high speed chase that ensued when a police officer attempted to pull him over for driving with a broken headlight. The officer recovered a .380 caliber Walther-brand pistol from under the passenger seat of Hope's vehicle. The pistol was later identified as the same weapon Defendant had used to rob a convenience store the previous day.

Hope was convicted of two counts of being a felon in possession of a firearm.[1] The first count covered the day Hope was apprehended; the second count covered the convenience store robbery the previous day. However, at trial the prosecution introduced no evidence that Hope ever relinquished constructive possession of the gun over the two-day period underlying the two separate counts. He was sentenced to 120 months for the first count and 15 months for the second count, with the sentences to run consecutively.

Hope contends that these sentences violate the Double Jeopardy Clause of the Constitution. The government agrees and requests the case be remanded to the district court for vacation of one of the counts of conviction and resentencing. We are not bound by the Government's concession of error and give the issue independent review.[2] Hope did not object at the sentencing hearing and is raising this issue for the first time on appeal. Our review, therefore, is for plain error, which requires an appellant to show (1) the existence of actual error, (2) that the error was plain, and (3) that it affects substantial rights.[3]

I

We must first determine if it was plain error, in contravention of the Double Jeopardy Clause, to convict Hope of two counts of possessing a firearm as a felon. The Supreme Court has defined plain error as error that is "clear,"

---

[1] 18 U.S.C. § 922(g)(1) ("It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm . . . .").

[2] See U.S. v. Claiborne, 132 F.3d 253, 254-55 (5th Cir. 1998) (per curiam) (affirming the defendant's sentence despite the Government arguing the district court erred in applying the Sentencing Guidelines).

[3] FED. R. CRIM. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."); U.S. v. Calverley, 37 F.3d 160, 162-63 (5th Cir. 1994) (en banc).

or "equivalently 'obvious,'"[4] such that "the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it."[5] The error could have been "'clear under current law' at the time of trial,"[6] or in a case "where the law at the time of trial was settled and clearly contrary to the law at the time of appeal[,] it is enough that the error be 'plain' at the time of appellate consideration."[7]

On the facts of this case, the district court plainly erred by convicting Hope of two counts of possessing a firearm in violation of the Double Jeopardy Clause of the 5th Amendment. The Double Jeopardy Clause "prohibits the Government from charging a single offense in several counts and is intended to prevent multiple punishments for the same act."[8] To prevail on a double jeopardy argument, "the defendant bears the burden to establish, both in law and in fact, the commonality of the offenses."[9]

This Circuit has not squarely addressed the legal question of whether possession of the same gun when arrested and on the previous day in a robbery, absent evidence that the possession was interrupted, can constitute two violations of 18 U.S.C. § 922(g). However, a confluence of our sister circuits has answered this question with a resounding "no." The First, Sixth, Seventh,

---

[4] U.S. v. Olano, 507 U.S. 725, 734 (1993) (citing U.S. v. Young, 470 U.S. 1, 17 n.14 (1985)).

[5] U.S. v. Frady, 456 U.S. 152, 163 (1982).

[6] Calverly, 37 F.3d at 162-63 (quoting Olano, 507 U.S. at 734).

[7] Johnson v. U.S., 520 U.S. 461, 468 (1997).

[8] U.S. v. Kimbrough, 69 F.3d 723, 729 (5th Cir. 1995); U.S. CONST. amend. V (" . . . nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . .").

[9] U.S. v. Register, 931 F.2d 308, 312 (5th Cir. 1991).

Ninth, and Eleventh Circuits[10] have all held, concerning statutes prohibiting firearm possession: "Possession is a course of conduct, not an act; by prohibiting possession Congress intended to punish as one offense all of the acts of dominion which demonstrate a continuing possessory interest in a firearm."[11]

This Circuit has addressed closely related issues. In United States v. Berry,[12] we held that multiple convictions under 18 U.S.C. § 922(g) for the simultaneous possession of multiple weapons violated the Double Jeopardy Clause and explained that "had the government evidence that Berry obtained the guns at different times . . . then it could have sought [multiple convictions]." Such reasoning implicitly recognizes that continuing possession of the same firearm is a single course of conduct under the statute, constituting one offense.

This interpretation of the firearm statute corresponds with our understanding of possession as used in other criminal statutes, such as those prohibiting drug possession. In that context we have held regarding double jeopardy, "the crucial factual question is whether the defendant continuously possessed cocaine or whether he had it in his possession on distinct occasions."[13] Applying this interpretation of "possession" to the instant case, the fact that the indictment charged Hope with possession of the same, distinct firearm[14] when arrested and on the previous day in a robbery raises an inference of continuous

---

[10] See U.S. v. Destefano, 201 F.3d 429 (1st Cir. 1999) (unpublished); U.S. v. Jones, 533 F.2d 1387 (6th Cir. 1976); U.S. v. Conley, 291 F.3d 464 (7th Cir. 2002); U.S. v. Horodner, 993 F.2d 191 (9th Cir. 1993); U.S. v. Rivera, 77 F.3d 1348 (11th Cir. 1996). But see U.S. v. Erby, 246 F. App'x 228, 231 n.3 (4th Cir. 2007) (declining to adopt the position of the other circuits in an unpublished opinion that is not binding precedent).

[11] Jones, 533 F.2d at 1391.

[12] 977 F.2d 915, 919-20 (5th Cir. 1992).

[13] U.S. v. Register, 931 F.2d 308, 312 (5th Cir. 1991) (citing U.S. v. Fiallo-Jacome, 784 F.2d 1064, 1066 (11th Cir. 1986)).

[14] The indictment signifies that both counts were for possession of "one (1) Walther .380 caliber pistol, model PP, serial number 202593PP."

possession that the government did not challenge and which is sufficient to support its concession. These facts differ from those in United States v. Register[15] where a cocaine dealer was charged with two counts of possession of cocaine, with each count referencing a separate date. There, an alleged drug dealer raised no inference that the two offenses were based on the continuous possession of the same cocaine. Because a drug dealer's modus operandi is to move his drug inventory there is no reason, absent other evidence, to infer that a dealer possesses the same stash days apart. Moreover, unlike firearms which are distinct to the point of bearing serial numbers, drugs are fungible and not easily identified as the same stash previously possessed.

We are persuaded that it was plain error for the district court to sentence Hope to two counts of firearm possession on the facts of this case. Our interpretation of "possession" in other criminal contexts and those of our sister circuits make clear that the statute criminalizes a "course of conduct, not an act." The error was plain and obvious. Finally, we point to United States v. Leonard,[16] where we recognized that a district court's interpretation of a statute may still be plain error, despite this Circuit never having had occasion to directly interpret the statute, when a number of other circuits have agreed on the interpretation and the statute itself is clear. That is the case here.[17]

---

[15] Id. at 312-13.

[16] 157 F.3d 343, 345-46 (5th Cir. 1998).

[17] Of course, as explained in U.S. v. Hull, 160 F.3d 265, 272 (5th Cir. 1998), we cannot find plain error if it "requires the extension of precedent." In Hull, the appellant challenged his jury instruction as plain error. The Court upheld the conviction, pointing to precedent in this Circuit that explicitly indicated that a jury instruction similar to that at issue in Hull "can be appropriate." It also cited a second case in which this Circuit did not question a similar jury instruction, even though the review was de novo. Here, in contrast, although we have not spoken directly on the issue, our precedent has implicitly resolved the issue in Hope's favor. Additionally, and in contrast with Hull, there is a consensus among the five other circuits that have decided the issue. See U.S. v. Gore, 154 F.3d 34, 43 (2d Cir. 1998) ("The lack of this Court's precedent directly on point . . . will not prevent the district court's error from being

## II

Having decided that the error was plain, we ask whether the error substantially affected the rights of the defendant. Hope's combined sentences resulted in a total term of imprisonment of 135 months, which exceeds the statutory maximum of 120 months for one offense. Thus, the error resulted in a sentence 15 months longer than is constitutionally permissible. Hope's rights were substantially affected.

We find that this plain error "seriously affect[ed] the fairness"[18] of the judicial proceeding, and we therefore exercise our discretion to correct the error. The conviction and sentence for one of the counts of firearm possession is VACATED and the matter is REMANDED for resentencing.

---

deemed 'plain' because this is not a case in which we have taken no position on a certain issue and upon which no other circuit has spoken, or upon which there is a sharp dispute among the other circuits.") (internal citations omitted).

[18] U.S. v. Atkinson, 297 U.S. 157, 160 (1936).