Marvin GARCIA, Petitioner

v.

Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.

No. 09–60627
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 3, 2010.

David Anton Armendariz, Esq., De Mott, McChesney, Curtright & Armendariz, L.L.P., San Antonio, TX, for Petitioner.

**356**

Kathryn Lucille Deangelis, Tangerlia Cox, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM: *

■ Petitioner Marvin Garcia, a native and citizen of Trinidad and Tobago, seeks our review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal and affirming the determination of the Immigration Judge (IJ) that Garcia was removable and not entitled to protection under the Convention Against Torture (CAT). Garcia contends that the IJ and BIA erred in ruling that his Pennsylvania state conviction for possession with the intent to distribute marijuana was an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(ii), thereby making him removable. He also contends that the BIA engaged in impermissible fact finding in making this determination. As Garcia has not renewed his challenge to the determination that he failed to establish a claim for relief under the CAT, however, he has abandoned that claim. *See Soadjede v. Ashcroft,* 324 F.3d 830, 833 (5th Cir.2003).

■ The Respondent contends that we should not address Garcia's challenge to the ruling that he is removable based on a conviction for an aggravated felony. The Respondent notes that the IJ's removal order was alternatively based on a determination that Garcia's state conviction also constituted a controlled substance offense under 8 U.S.C. § 1227(a)(2)(B)(i).

Garcia asserts that the Respondent failed to comply with procedural requirements and has waived any challenge to Garcia's argument. The claim is unavailing, however, as an appellee cannot waive an argument; neither are we bound by an appellee's concession of error. *United States v. Hope,* 545 F.3d 293, 295 (5th Cir.2008).

Garcia fails to challenge the determination that he was removable under § 1227(a)(2)(B)(i), claiming that he is not required to address a claim for relief from removal prior to a determination of his removability. Garcia fails to recognize that he sought relief from removal before the IJ and the BIA. He has neither argued that he is eligible for cancellation of removal nor challenged the determination that he is statutorily ineligible for cancellation of removal. Thus, any claim in this regard is unexhausted. *See Roy v. Ashcroft,* 389 F.3d 132, 137 (5th Cir.2004); *Wang v. Ashcroft,* 260 F.3d 448, 452–53 (5th Cir.2001).

As the IJ's decision that Garcia was removable under § 1227(a)(2)(B)(i) is unchallenged and would not be altered even if we were to rule favorably on his challenge to the determination that he was convicted of an aggravated felony, we need not address the issues raised by Garcia. *See Capital Concepts Props. 85–1 v. Mut. First, Inc.,* 35 F.3d 170, 176 (5th Cir.1994).

Garcia's petition for review and his motion for stay of deportation are DENIED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.