**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 2, 2013

No. 12-10257
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR MORALES-ARELLANO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:11-CR-13-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Victor Morales-Arellano pleaded guilty to one count of illegal reentry and was sentenced to 96 months in prison to be followed by two years of supervised release. He now appeals, challenging the imposition of a 16-level enhancement under U.S.S.G. § 2L1.2 for a prior conviction of a crime of violence and the imposition of a supervised release term. For the following reasons, we affirm.

Morales-Arellano first contends that his prior offense of deadly conduct under Texas law did not constitute a crime of violence. As he did not object to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the enhancement on this basis in the district court, we review for plain error under the familiar four-pronged standard. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). The Government concedes that there was error and that it was clear or obvious, the first two prongs. Although that concession is not binding, *see United States v. Hope*, 545 F.3d 293, 295 (5th Cir. 2008), we agree with the Government. Morales-Arellano was convicted of an offense under § 22.05(b)(2) of the Texas Penal Code, and such an offense is not a crime of violence because it lacks the required element of use, attempted use, or threatened use of force against the person of another. *See United States v. Hernandez-Rodriguez*, 467 F.3d 492, 495 (5th Cir. 2006); *see also United States v. Cabrera*, 478 F. App'x 204, 206 (5th Cir. 2012).

Nevertheless, the error did not affect Morales-Arellano's substantial rights, the third prong of the plain error test. After considering the statutory factors under 18 U.S.C. § 3553(a) and noting Morales-Arellano's prior deportations and his criminal history–which included two drug convictions, an attempted illegal reentry, and the deadly conduct conviction–the district court concluded that the sentence would protect the public, provide just punishment, and afford adequate deterrence. In the statement of reasons, the court said that even if the guidelines calculations were incorrect, the sentence was the one it would impose. Under these circumstances, there is not a reasonable probability that, but for the error in applying the Guidelines, the court would have imposed a lesser sentence. *See United States v. Dickson*, 632 F.3d 186, 191 (5th Cir. 2011).

In his second point of error, Morales-Arellano contends that the district court erred by imposing a term of supervised release in light of U.S.S.G. § 5D1.1(c). That subsection was added to § 5D1.1 effective November 1, 2011, and provides that a court ordinarily should not impose supervised release in the case of a deportable alien who is likely to be deported. Although this provision

is hortatory rather than mandatory, we have held that courts should not impose supervised release absent a determination that it would "provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." *United States v. Dominguez-Alvarado,* 695 F.3d 324, 327-28 (5th Cir. 2012).  Morales-Arellano asserts that the district court failed to make the required determination.  Again, because Morales-Arellano did not object, we review for plain error.  *See id.* at 328.

Although the record does not indicate that the district court took § 5D1.1(c) into consideration, we conclude that any error does not require reversal.  The district court noted Morales-Arellano's criminal history when imposing sentence and said that the sentence would provide deterrence and protect the public.  Even without any explanation by the court, Morales-Arellano's criminal history would have justified the imposition of supervised release. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 604, 606-07 (5th Cir. 2013).  Thus, Morales-Arellano's substantial rights were not affected.  *See id.* at 607.  In addition, we conclude on the facts of this case that any error would not warrant the exercise of our discretion to correct it.  *See id.* at 607 n.11.

The judgment of the district court is AFFIRMED.