# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50531
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:13-CR-557-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges
PER CURIAM:[*]

Richard Rodriguez entered a conditional guilty plea to being a felon in possession of a firearm, and he was sentenced to 57 months of imprisonment and three years of supervised release. He reserved the right to appeal the district court's denial of his motion to dismiss the indictment and the applicability of an exception to the felon-in-possession statute for those whose civil rights have been restored. *See* 18 U.S.C. § 921(a)(20).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50531

The restoration-of-rights exception exempts from 18 U.S.C. § 922(g) "[a]ny conviction . . . for which a person . . . has had civil rights restored . . . , unless such . . . restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20). Rodriguez contends that his prior Texas felony conviction could not be used as a predicate conviction for purposes of section 922(g)(1), but he concedes that this argument is foreclosed by precedent of the Supreme Court and this circuit. *See Logan v. United States*, 552 U.S. 23, 28 (2007); *Caron v. United States*, 524 U.S. 308, 315-17 (1998); *United States v. Huff*, 370 F.3d 454, 459-60 (5th Cir. 2004); *United States v. Daugherty*, 264 F.3d 513, 517-18 (5th Cir. 2001); *United States v. Thomas*, 991 F.2d 206, 213-15 (5th Cir. 1993). Nevertheless, he contends that the cases should be revisited in view of more recent Supreme Court precedent regarding the individual right under the Second Amendment to possess firearms in one's home for purposes of self-defense. *See McDonald v. Chicago*, 561 U.S. 742, 750 (2010); *District of Columbia v. Heller*, 554 U.S. 570, 630, 635-36 (2008).

Although we are not bound by Rodriguez's concession, *see United States v. Hope*, 545 F.3d 293, 295 (5th Cir. 2008), we agree that his arguments are foreclosed. First, the parties do not dispute that Texas law had not restored to Rodriguez the right to serve on juries or hold public office; thus, section 921(a)(20) is unavailing because his civil rights were not sufficiently restored. *See Huff*, 370 F.3d at 460-61; *Thomas*, 991 F.2d at 213-15. Second, consistent with the "all-or-nothing approach" adopted in *Caron, see* 524 U.S. at 314-16, this court has held that because the statute in question, Texas Penal Code § 46.04, "prohibits felons from possessing firearms outside their homes . . ., Texas statutory law activated the 'unless clause' in section 921(a)(20) and prevents [a convicted felon] from possessing a firearm." *Daugherty*, 264 F.3d

at 517-18.  Third, we find no basis in the recent Second Amendment caselaw to undermine the holdings in *Caron* or *Daugherty*.  The *Heller* court stated that, "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ."  *Heller*, 554 U.S. at 626. We remain bound by the cited precedent.  *See Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989).

Accordingly, the judgment of the district court is AFFIRMED.  The government's motion for summary affirmance is DENIED.  Its alternative motion for an extension of time within which to file a brief is DENIED as unnecessary.