# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60070
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 25, 2018

Lyle W. Cayce
Clerk

JEAN CLAUDE MUVUNYI,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 456 018

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Jean Claude Muvunyi, a native and citizen of Rwanda, petitions for review of the decisions of the Board of Immigration Appeals (BIA) denying his second motion to reopen his immigration proceedings and denying his motion to reconsider the denial of the motion to reopen. The Government moves for summary disposition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60070

During his immigration proceedings, Muvunyi sought as relief asylum, withholding of removal, and protection under the Convention Against Torture, testifying that he had been tortured and imprisoned and faced future torture and imprisonment due to his ties to former Rwandan military officer Kayumba Nyamwasa. The immigration judge denied Muvunyi relief, determining that he lacked credibility. The BIA dismissed Muvunyi's appeal, and Muvunyi did not petition for review. The BIA also denied Muvunyi's first motion to reopen his immigration proceedings. Additionally, the BIA denied Muvunyi's second motion to reopen as time- and number-barred and for failure to demonstrate changed country conditions. The BIA then denied Muvunyi's motion to reconsider the denial of his second motion to reopen.

We review the denial of a motion to reopen and a motion to reconsider under a highly deferential abuse-of-discretion standard. *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). We will affirm the BIA's decision to deny either type of motion if it is not capricious, racially invidious, without evidentiary foundation, or arbitrary. *Id.* at 304. Additionally, we review factual findings for substantial evidence and will not overturn them "unless the evidence compels a contrary conclusion." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

There is no time or numerical limit for filing a motion to reopen the removal proceedings to seek asylum when the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered" if such evidence is material, previously unavailable, and could not have been discovered or presented sooner. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). A motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by

pertinent authority."   8 U.S.C. § 1229a(c)(6)(C); *see* 8 C.F.R. § 1003.2(b)(1); *Zhao*, 404 F.3d at 301.

Muvunyi challenges the BIA's conclusion that the documents presented in support of his motion to reopen were not properly authenticated.  He contends that the BIA did not provide the basis for its determination that the documents presented were not authenticated as required by 8 C.F.R. § 1287.6(b) and argues that (1) the arrest warrant and police correspondence submitted were not official records or entries under § 1287.6(b); (2) if they were official documents, the original signed and sealed documents, copies of which were submitted to the court, were in counsel's possession and available to the court for review; (3) if the documents did not satisfy § 1287.6(b), they were authenticated by other means; and (4) the BIA erred in failing to consider two signed statements due to the writers' inability to be cross-examined and the lack of notarization because the writers could not be cross-examined for a motion to reopen and because it would be irrational to expect an asylum-seeker implicating the government in human rights violations to obtain government notarization.  He also contends that the BIA erred in failing to consider the materiality of the documents provided and in determining that he failed to make a prima facie case for relief.  Muvunyi argues in his reply brief that the Government waived many of these issues by failing to respond specifically to Muvunyi's arguments in his opening brief.  However, we are not bound by such a failure to respond.  *See United States v. Hope*, 545 F.3d 293, 295 (5th Cir. 2008).

Section 1287.6 provides in pertinent part that an official record or document from a foreign country, such as Rwanda, that is not a signatory to the Convention Abolishing the Requirement of Legislation for Foreign Public Documents "shall be evidenced by an official publication thereof, or by a copy

attested by an officer so authorized." § 1287.6(b)(1). Muvunyi has not established that the proffered arrest warrant and police correspondence were not official records subject to § 1287.6(b), nor has he shown that any of the proffered documents were properly authenticated in accordance with § 1287.6(b) or by any other means. Especially in light of the immigration judge's adverse credibility determination, Muvunyi has not shown that the BIA abused its discretion in denying his motion to reopen or his motion to reconsider. *See Zhao*, 404 F.3d at 303.

Accordingly, Muvunyi's petitions for review are DENIED. The Government's motion for summary disposition is also DENIED. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).