# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40212
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GERALD LEON GRAVES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CR-431-4

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

A jury convicted Gerald Leon Graves of conspiracy to transport illegal aliens (Count 1) and of three substantive counts of transporting illegal aliens (Counts 10-12). The district court sentenced Graves to 40 months of imprisonment on each count and ordered the sentences to be served concurrently, followed by a two-year term of supervised release on each count,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40212

also to run concurrently.  Graves argues on appeal that there is insufficient evidence to support his convictions on Counts 11 and 12.

Graves acknowledges that although he moved for a judgment of acquittal at the close of the Government's case, he did not renew his motion at the close of all the evidence.  This court's review is therefore "limited to determining whether there was a manifest miscarriage of justice."  *United States v. Delgado*, 256 F.3d 264, 274 (5th Cir. 2001) (internal quotation marks and citation omitted).

Graves was charged with transporting aliens Francisca Marbella Lopez-Morales (Count 11) and Mario Alfredo Esteban-Garcia (Count 12) in violation of 8 U.S.C. § 1324(a)(1)(A)(ii).  The Government concedes that the evidence is insufficient to support the jury's verdict with respect to these counts.  It admits that "there is nothing in the record relating to the undocumented aliens named in those two counts."  There was no testimony from either alien and no testimony concerning the aliens or their status in the country.  Accordingly, the Government asks the court to reverse Graves's convictions with respect to Counts 11 and 12, affirm with respect to the remaining counts, and reduce the mandatory special assessment imposed by the district court to $200.

This court is not bound to accept the Government's concession that there is insufficient evidence to support Graves's convictions on Counts 11 and 12; the issue of sufficiency is still subject to "independent review."  *United States v. Hope*, 545 F.3d 293, 295 (5th Cir. 2008).  Here, though, a review of the record confirms that the Government is correct to concede the sufficiency issue.

There is no need to remand the case for resentencing because "it is clear that [the] conviction[s] that [are] being reversed did not cause [the] district court to impose a harsher sentence on [the] conviction[s] that [are] being affirmed."  *United States v. Thomas*, 690 F.3d 358, 372 (5th Cir. 2012).  The

No. 18-40212

district court sentenced Graves to 40 months of imprisonment on each count and ordered the sentences to run concurrently.  The court's sentence is below the recommended guidelines range of 57 to 71 months.  The two aliens listed in the convictions we are vacating did not increase that overall guidelines range.  Therefore, we do not remand for resentencing, but we modify the district court's judgment to remove the $100 special assessment imposed on both Counts 11 and 12 for a total reduction of $200.  *See, e.g., id.* at 372, 376.

Based on the foregoing, we REVERSE the district court's judgment with respect to Counts 11 and 12 and AFFIRM with respect to the remaining counts. We also MODIFY the judgment to impose only a $200 special assessment.