# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2022

Lyle W. Cayce
Clerk

No. 19-11039

United States of America,

*Plaintiff—Appellee*,

*versus*

Jon Anthony Terry,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-647-1

Before Willett, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:*

Jon Terry pleaded guilty to two counts of production of child pornography in violation of 18 U.S.C. § 2251(a). The district court sentenced Terry to 720 months of imprisonment. The district court also imposed a $5,000 assessment per count—or $10,000 total—pursuant to 18 U.S.C. § 3014, which provides that "the court shall assess an amount of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-11039

$5,000 on any non-indigent person" convicted of certain crimes relating to sexual abuse.

On appeal, Terry argues that the district court erred in imposing the $10,000 assessment because he is indigent.[1] Because he did not object to the assessment at sentencing, our review is for plain error. *Puckett v. United States*, 556 U.S. 129, 135 (2009). Terry must therefore show an error which is "clear or obvious" and affected his "substantial rights." *Id.* Such an error must be "so clear or obvious that 'the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it.'" *United States v. Delgado*, 672 F.3d 320, 330 (5th Cir. 2012) (en banc) (quoting *United States v. Hope*, 545 F.3d 293, 296 (5th Cir. 2008)). If Terry clears those hurdles, we have discretion to correct the errors if we find they impugn "the fairness, integrity, or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135 (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

Terry has not demonstrated a clear or obvious error here. Ample record evidence supports a finding that Terry was not so indigent that he could not pay the assessment. Terry filled out a financial affidavit stating that he was employed for $2,900 a month at Robert Half Technologies and that he earned $3,000 a year from online gaming. The PSR catalogs numerous information technology jobs that Terry held, where he earned between $600 and $900 a week. Moreover, he retained counsel for proceedings before the district court. To be sure, there is also evidence in the record that could have supported a finding of indigency. But given the evidence discussed above,

---

[1] In their briefing, the parties dispute whether Terry waived his right to appeal the $10,000 assessment in his plea agreement. The Government has since abandoned this argument. Accordingly, we do not consider this argument and instead proceed directly to the merits.

the district court's conclusion was "plausible in light of the record viewed in its entirety." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74 (1985); *see also United States v. Childers*, 740 F. App'x 417 (5th Cir. 2018) (per curiam) (affirming a district court's imposition of a § 3014 assessment because "[a]lthough some of the PSR's information based on [Appellant's] self-reported status suggested he was indigent, other financial data in the record signaled to the contrary").

Terry further contends that the district court made an obvious error as it found that Terry was indigent for the purposes of paying a separate, larger fine pursuant to § 5E1.2 of the United States Sentencing Guidelines. But we have rejected that exact argument. *See United States v. Graves*, 908 F.3d 137, 143–44 (5th Cir. 2018). Under the guideline provisions, Terry's fine range for his offense was $50,000 to $500,000. As we held in *Graves*, "[i]t should go without saying that defendant may not have the same ability to pay $5,000 as he would have to pay five to fifty times that amount." *Id.*

Finally, relying on out-of-circuit precedent, Terry argues that the district court plainly erred in failing to make an explicit finding that he could pay the assessment before imposing it. But we have never required such an explicit finding. Indeed, in an unpublished opinion, we held that "the statute does not require such a finding" and affirmed a district court's implicit finding that a defendant was not indigent. *See United States v. Streaty*, 735 F. App'x 140, 141 (5th Cir. 2018) (per curiam). At a minimum, the law remains unsettled in this circuit. Terry therefore cannot demonstrate that the district court committed plain error by failing to make an explicit finding that he could pay the § 3014 assessment. *See United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) (explaining that we ordinarily do not find plain error when we have not addressed an issue or where an argument requires extending existing precedent).

No. 19-11039

In sum, the record as a whole supports a finding that Terry was not indigent for the purposes of the § 3014 assessment at issue.  His arguments to the contrary are unavailing.  He has not shown plain error here.

AFFIRMED.