### STATE of Maine

v.

### John MYERS.

Supreme Judicial Court of Maine.

Oct. 31, 1979.

John D. McElwee (orally), Dist. Atty., Houlton, Richard L. Currier, Law Student Intern, Charles K. Leadbetter, Asst. Atty. Gen., Augusta, for plaintiff.

Stewart, Griffiths & Quigley by David J. Edgar (orally), Harold L. Stewart, Houlton, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY, NICHOLS and GLASSMAN, JJ.

GLASSMAN, Justice.

On May 6, 1977, the Aroostook County Grand Jury returned an indictment charging the defendant Myers with four counts of theft by unauthorized taking (17–A M.R.S.A. § 353). Count I alleged a Class C theft from the Town of Mapleton. Count II alleged a Class D theft from the Town of Castle Hill. Count III alleged a Class D theft from the Town of Chapman. Count IV alleged a Class E theft from the Town of Chapman. Each count charged an offense committed on March 1, 1977. The defendant filed a motion to dismiss the indictment upon various grounds including: "That said counts are duplicitus [sic] in nature and the facts of the case would reveal that all counts were but one transaction; one event at one time." The Superior Court, Aroostook County, denied the motion. Thereafter, the State filed a "Motion To Order Combining of Counts." This motion was granted and an order issued reading as follows: "Motion granted. The four separate counts of theft is [sic] hereby combined as though one count of aggregated theft." Following a trial by the court sitting without a jury, the defendant was found guilty of theft of a grade either Class D or Class E, though it is not clear which. We affirm the conviction.

To understand the reason for the court's order, it is necessary to review the facts of the instant case. The three towns of Mapleton, Castle Hill and Chapman maintain a

single town office which is physically located within the Town of Mapleton. The employees of that office are employed by all three towns, and the cash receipts taken into the combined town office are kept in a single cash box. The thefts with which the defendant was charged constituted a single act of taking money and receipts from the cash box, although this property was allegedly the commingled funds of the three towns. These facts were apparently made known to the presiding Justice before he granted the State's motion to combine the four counts for trial. The reasoning of the Superior Court Justice in granting the motion is set forth in a statement he made upon the record:

> The purpose of granting the motion in the first instance, of course, is predicated upon several factors. One of which is your original motion to dismiss which attacked the very nature of the indictment, having it split in the four counts in the first instance. I denied your motion at that time, since on the face of the indictment it reflects the fact that the four thefts did, in fact, take place and without proof to the contrary, there is no reason why I should have dismissed the indictment at that time. It was brought to light, however, prior to trial that in truth and in fact, this is a single scheme or single theft which involves four items of property owned by four separate towns. So consequently, the indictment so that it won't reflect a repressive conduct on the part of the State against this defendant so that if this court should find him guilty or he be found guilty by any other tribunal, it would indicate that he did, in fact, only commit one offense, rather than four. I think I have not usurped the Grand Jury's prerogative by making this one count, as all of the facts at that time were presented to them and indicating that they wanted it split in four rather than one. I do not feel it is detrimental to the interest of the defendant.

In evaluating the propriety of the actions of the Superior Court, we start with recognition of a fundamental principle: "The stealing of property from different owners at the same time and at the same place constitutes but one larceny." 2 Wharton's Criminal Law and Procedure § 451 (Anderson ed. 1957). *See generally*, Annot., 37 A.L.R.3d 1407 (1971). Although there has been no square holding on this question in the State of Maine, the principle has been recognized in *State v. Nelson*, 29 Me. 329, 335 (1849). Thus, although not apparent on the face of the indictment, it actually charged but one crime. This did not render the indictment duplicitous as alleged in the defendant's motion to dismiss. " 'Duplicity' is the joining in a single count of two or more distinct and separate offenses. 'Multiplicity' is the charging of a single offense in several counts." 1 C. Wright, Federal Practice and Procedure § 142 (1969). The indictment in the instant case suffered from multiplicity. The presiding Justice was correct in not granting the defendant's motion to dismiss not only because the defect did not appear on the face of the indictment but also because dismissal is not the appropriate remedy for multiplicity. *United States v. Ketchum*, 320 F.2d 3, 8 (2nd Cir.), *cert. denied*, 375 U.S. 905, 84 S.Ct. 194, 11 L.Ed.2d 145 (1963).

The United States Supreme Court had occasion to consider the problem of multiplicity in *United States v. Universal C. I. T. Credit Corp.*, 344 U.S. 218, 73 S.Ct. 227, 97 L.Ed. 260 (1952). In that case, the district court had had before it an information in thirty-two counts charging various violations of the Fair Labor Standards Act. The lower court dismissed all but three counts, ordering that the conduct alleged in all of the counts be combined into the remaining counts. Upholding this action, the United States Supreme Court noted:

> This information is based on what we find to be an improper theory. But a draftsman of an indictment may charge crime in a variety of forms to avoid fatal variance of the evidence. He may cast the indictment in several counts whether the body of facts upon which the indictment is based gives rise to only one criminal offense or to more than one. To be sure, the defendant may call upon the

prosecutor to elect or, by asking for a bill of particulars, to render the various counts more specific. In any event, by an indictment of multiple counts the prosecutor gives the necessary notice and does not do the less so because at the conclusion of the government's case the defendant may insist that all the counts are merely variants of a single offense. *Id.* at 225, 73 S.Ct. at 231.

In *United States v. Greenberg,* 30 F.R.D. 164, 169 (S.D.N.Y.1962), the court held that where an indictment contains a multiplicity of counts which charge the same crime, the court may consolidate the counts and dismiss all but one of them.

In the instant case, the presiding Justice by combining the counts acted in accordance with the federal authorities just cited with the exception that he did not dismiss the remaining counts.[1] Although this failure to dismiss Counts II, III and IV could not in any way have prejudiced the defendant's trial, it does leave upon the record a question as to the number of crimes with which the defendant was charged and, therefore, it will be appropriate upon remand to dismiss these counts of the indictment.

■ The defendant has also contended that the evidence was insufficient to support the finding of guilty made by the trial court Justice. We have carefully reviewed the evidence and do not find it necessary to recite it at length. It is sufficient to note that there was adequate evidence from which a reasonable trier of the fact could be convinced beyond a reasonable doubt of the defendant's guilt. *See State v. Dyer,* Me., 371 A.2d 1086, 1089 (1977); *State v. Mann,* Me., 361 A.2d 897, 906 (1976).

There is a defect in the record to which no reference has been made in either the

briefs or oral argument. Although the presiding Justice found the defendant guilty of a lesser offense, to which he referred as a misdemeanor, the judgment does not show that fact. The judgment entered in the docket reflects that the defendant was found guilty of the offense charged. The defendant was charged with a Class C offense. Presumably, by referring to a misdemeanor, the presiding Justice intended to indicate that he was finding the defendant guilty of either a Class D or a Class E offense.[2] Upon remand the judgment should be corrected to reflect first the grade of offense of which the defendant has been convicted and second that this is a lesser offense included within the offense charged in the indictment.

The entry is:

Judgment of conviction affirmed.

Case remanded to the Superior Court for entry of an order dismissing Counts II, III and IV of the indictment and for correction of the judgment in accordance with the opinion herein.

---

1. The combining of the counts did not result in the defendant's being charged with a higher grade of offense. If by combining the four counts into a single count of aggregated theft the resulting charge had been of a higher grade of offense than that originally charged, the action would have been tantamount to an impermissible substantive amendment. *See State v. Larrabee,* Me., 377 A.2d 463, 465 (1977).

2. Our new criminal code has abandoned the felony-misdemeanor classification and adopted a new scheme of gradation. 17–A M.R.S.A. § 4(1). Class D and E crimes are not infamous crimes. 17–A M.R.S.A. § 9; *Opinion of the Justices,* Me., 338 A.2d 802 (1975).