# United States Court of Appeals
## For the First Circuit

No. 11-1182

UNITED STATES OF AMERICA,

Appellee,

v.

SIMEON P. STEFANIDAKIS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Boudin, Selya and Lipez,
Circuit Judges.

Jay Markell, by appointment of the court, on brief for
appellant.
Carmen M. Ortiz, United States Attorney, and Randall E. Kromm,
Assistant United States Attorney, on brief for appellee.

May 8, 2012

**SELYA, Circuit Judge.** Defendant-appellant Simeon Stefanidakis pleaded guilty to four counts of transporting and one count of possessing child pornography. The district court imposed sentences on all five counts. In this venue, the appellant argues that these multiple sentences violate the Double Jeopardy Clause. See U.S. Const. amend. V. After careful consideration, we reject the appellant's importunings.

Because this appeal follows a guilty plea, we draw the background facts from the change-of-plea colloquy, the plea agreement, the presentence investigation report, and the transcript of the disposition hearing. See United States v. Santos, 357 F.3d 136, 138 (1st Cir. 2004).

On October 9, 2008, the appellant entered an Internet chat room. Unbeknownst to him, an undercover law enforcement officer was surveilling the site. The officer engaged the appellant in a one-on-one chat in which the pair discussed a mutual interest in child pornography. The appellant then offered the officer access to his pornography collection through GigaTribe, a peer-to-peer file sharing program. Using his undercover GigaTribe account, the officer learned that the appellant was sharing 112 gigabytes of content.

After recording the appellant's Internet Protocol (IP) address, the officer downloaded nine files from the appellant's digital library. Four of these files — three still images and one

video — contained visual depictions of different young boys engaged in sexually explicit conduct. The appellant does not contest the pornographic nature of these materials.

The Federal Bureau of Investigation (FBI) tracked the IP address. Its investigation led to the appellant, and FBI agents obtained a warrant to search his residence in Brookline, Massachusetts, for child pornography. On March 12, 2009, the agents executed the warrant. The appellant waived his <u>Miranda</u> rights, <u>see</u> <u>Miranda</u> v. <u>Arizona</u>, 384 U.S. 436, 467-73 (1966); admitted that he was the person at the residence who had possession of the child pornography; and handed over the external hard drive that he had used to store the forbidden images.

Forensic analysis of the hard drive subsequently revealed a log file (a record of the computer's activities). The log file documented the appellant's earlier interactions with the undercover officer. It also verified the existence of thousands of images depicting child pornography.

Soon thereafter, a federal grand jury handed up a five-count indictment against the appellant. Counts one through four charged interstate transportation of child pornography, 18 U.S.C. § 2252(a)(1), and count five charged possession of child pornography, <u>id.</u> § 2252(a)(4)(B). In due course, the appellant agreed to plead guilty to all five counts. Among other features, the plea agreement contained a waiver-of-appeal provision, which

precluded the appellant from challenging either his conviction or any sentence of sixty months or less.

At the change-of-plea hearing, the appellant acquiesced in the prosecutor's factual account of the five charged crimes. The court accepted the guilty plea as tendered. It later sentenced the appellant to concurrent 84-month incarcerative terms on each of the five counts of conviction. This timely appeal ensued.

The appellant's principal plaint is that the district court failed to realize that he should have been sentenced either for transportation of child pornography or for possession of child pornography, but not both. In his view, sentencing him on the entire array of charges offended the Double Jeopardy Clause.

The appellant labors to couch his argument as a sentencing argument. He emphasizes that the transportation counts each carry a five-year mandatory minimum sentence, see id. § 2252(b)(1), whereas the possession count carries no minimum sentence, see id. § 2252(b)(2). The district court's failure to recognize the double jeopardy violation, he insists, led it to conclude erroneously that it had to apply the five-year mandatory minimum when doing so was optional. If this were so, it arguably would mean that the court failed to consider all legally available sentences as required by 18 U.S.C. § 3553(a)(3).

The appellant's effort to spin his double jeopardy claim as a claim of sentencing error is a thinly veiled attempt to evade

the plea agreement's waiver-of-appeal provision — a provision that precludes an appeal of his conviction but that allows an appeal of a sentence of 84 months' duration. We need not dwell on the efficacy of this sleight of hand because the double jeopardy claim, however it is configured, represents an elevation of hope over reason.

To begin, the appellant failed to raise any double jeopardy issue below. Consequently, his claim is forfeited, and we examine it through the prism of plain-error review. See United States v. Olano, 507 U.S. 725, 731-32 (1993); United States v. Cothran, 302 F.3d 279, 285 (5th Cir. 2002). "Review for plain error entails four showings: (1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001). We discern no error, plain or otherwise, in the court's imposition of sentence.

The law surrounding double jeopardy has special nuances where guilty pleas are involved. In Menna v. New York, 423 U.S. 61 (1975) (per curiam), much bruited by the appellant, the Supreme Court allowed the defendant to raise a double jeopardy claim notwithstanding his earlier entry of an unconditional guilty plea. Id. at 62. The Court reasoned that when the government "is

precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." Id.

But Menna is not the Court's final word on the subject. In United States v. Broce, 488 U.S. 563 (1989), the Court made pellucid that the ability to attack a guilty plea on double jeopardy grounds is severely constrained. Id. at 569-76. The Court explained that "[b]y entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." Id. at 570. It follows that a defendant who pleads guilty to the full panoply of the crimes specifically and distinctly alleged in an indictment has relinquished the right to claim at a later date that he had committed fewer crimes. See id. at 570-71. Consequently, a guilty plea forecloses a double jeopardy claim unless "on the face of the record the court had no power to enter the conviction or impose the sentence." Id. at 569.

This means that once a defendant has pleaded guilty, he cannot either revisit the factual predicate upon which his conviction rests or venture outside the record to support his argument. See id. at 571-76. Nor can he maintain a claim of constitutional breach that is inconsistent with admissions that he

made in the course of the guilty-plea proceedings.  See id. at 576; Jackson v. Coalter, 337 F.3d 74, 80 (1st Cir. 2003).

These principles are dispositive here.  The appellant's primary argument is that he could not be sentenced for both possession and transportation of child pornography because all of the charges are predicated on the same facts and, therefore, the possession charge is a lesser included offense of the transportation charges.  As framed, this argument draws its essence from Blockburger v. United States, 284 U.S. 299 (1932), which prohibits charging the same conduct under two separate statutes unless each statute requires proof of a fact that the other does not.  Id. at 304.

In a case in which conviction and sentencing follow the acceptance of a guilty plea — and this is such a case — our inquiry into the bona fides of a double jeopardy argument reduces to whether the alleged double jeopardy violation is evident on the face of the record.  See Broce, 488 U.S. at 569; United States v. Pollen, 978 F.2d 78, 84 (3d Cir. 1992) (collecting cases).  To carry out this task, we must look to whether the record contains facts sufficient to supply a rational basis for a finding that the possession and transportation counts were predicated on different conduct.  See United States v. Pimentel, 539 F.3d 26, 29 (1st Cir. 2008); United States v. Matos-Quiñones, 456 F.3d 14, 21 (1st Cir. 2006).

In the case at hand, the record establishes that the transportation and possession counts were based on different conduct. In the indictment, each of the four transportation counts is grounded on one of the four specifically identified files that the appellant transmitted to the officer on October 9, 2008. The possession count, however, is based on <u>other</u> files, five of which are specifically identified, that were stored in the external hard drive discovered during the residential search on March 12, 2009. These divergent scenarios were not merely alleged in the indictment and then forgotten; during the change-of-plea colloquy, the appellant admitted that he knowingly committed each of the five separate crimes charged by the government and was, in fact, guilty of each of those enumerated offenses.

The short of it is that the allegations limned in the indictment and admitted by the appellant during the change-of-plea colloquy comprise a rational factual basis for a finding that the appellant committed, was convicted of, and was sentenced for five discrete crimes. See <u>Pimentel</u>, 539 F.3d at 29; <u>Matos-Quiñones</u>, 456 F.3d at 21. Thus, there is no double jeopardy violation evident on the record. See, <u>e.g.</u>, <u>United States</u> v. <u>Grant</u>, 114 F.3d 323, 328-30 (1st Cir. 1997); <u>United States</u> v. <u>Makres</u>, 937 F.2d 1282, 1284-86 & n.6 (7th Cir. 1991). The appellant's argument to the contrary is, therefore, unavailing.

The appellant advances a second double jeopardy argument. He asserts that the four transportation counts are multiplicitous and, thus, sentencing him separately on each of those counts violates the Double Jeopardy Clause. In this regard, he notes that the indictment states only that he sent four files (three still images and one video) during the Internet session on October 9, 2008, and points out that there is no factual basis for considering these transmissions to be four separate transactions. We do not agree.

Where, as here, a claim of multiplicity is premised on an indictment alleging several violations of a single statutory provision, an inquiring court must determine whether there is a sufficient factual basis to treat each count as separate. United States v. Pires, 642 F.3d 1, 15 (1st Cir. 2011). If no such basis exists, the counts are multiplicitous and transgress the Double Jeopardy Clause. See id.

The appellant's guilty plea places significant limitations on the viability of his multiplicity claim. See Broce, 488 U.S. at 576; Grant, 114 F.3d at 329-30; Makres, 937 F.2d at 1285-86. The four separate counts are impervious to a multiplicity challenge as long as the record discloses a factual basis for the commission of four separate acts of criminal transportation. See Grant, 114 F.3d at 329-30.

The indictment in this case alleges with conspicuous clarity that the appellant transported four files via the Internet to an undercover officer on a specific date. It proceeds to list four separately identified files that the officer downloaded. At the change-of-plea hearing, the district court wisely emphasized that in order to convict the appellant on all four counts of transportation, the government would need to prove that he had transmitted each of these files separately. The appellant stated that he understood this requirement and went on to admit his guilt with respect to all four counts.

In the face of this inhospitable record, the appellant protests that there is a lack of evidence about how the actual file sharing took place. Because the government did not explicitly discuss the file sharing process and show how each individual file was separately transported, his thesis runs, the four transportation counts must be considered multiplicitous. To support this assertion, he cites Pires, in which we noted that the unit of prosecution for receipt of child pornography derives from the number of separate transactions, not from the number of images received. 642 F.3d at 16. We proceeded to say that there was a credible basis for the defendant's multiplicity claim because "[t]he record contain[ed] no evidence that might establish that the two files at issue [] were received in separate and distinct transactions." Id.

-10-

Pires is readily distinguishable: it did not involve a guilty plea. This distinction is critically important. See Grant, 114 F.3d at 330; cf. Matos-Quiñones, 456 F.3d at 21 (explaining that "Rule 11 does not require a test of guilt versus innocence, much less proof beyond a reasonable doubt that the defendant is in fact guilty" (citation and internal quotation marks omitted)). Although the appellant could have chosen to challenge the theoretical underpinnings of the transportation counts and endeavor at trial to show that only a single act of transportation occurred, he did not make that choice. He chose instead to plead guilty, thereby accepting certain benefits while at the same time accepting the risk of a less fully developed record. See Broce, 488 U.S. at 571. Seen in this light, the challenged counts withstand scrutiny.

We need go no further. Because there is no colorable showing of a double jeopardy violation, the district court did not err in concluding that it had to impose a five-year mandatory minimum sentence on each of the four transportation counts. See 18 U.S.C. § 2252(b)(1).

**Affirmed.**