STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, ss.                           CRIMINAL ACTION
                                        Docket No. CR-12-388



STATE OF MAINE,

                                        **DECISION AND ORDER**
v.                                      **ON DEFENDANT'S MOTION DISMISS**
                                        **NIGHT HUNTING AND POSSESSION**
                                        **OF LOADED GUN IN VEHICLE**
                                        **CHARGES AND MERGE INTO**
                                        **SINGLE COUNT**

JOSEPH DELESKEY,
        Defendant


        Before the Court is Defendant Joseph Deleskey's Motion to Dismiss Night Hunting and

Possession of Loaded Gun in Vehicle Charges and Merge Into Single Count. The Defendant was

originally indicted for multiple counts of possession of a firearm by a felon as well as multiple

counts of night hunting and possession of a loaded firearm in a motor vehicle. The Defendant

previously filed a Motion to Dismiss for multiplicity the multiple possession of a firearm by a

felon counts. Without conceding multiplicity, the State ultimately agreed to join the counts, and

the Court dismissed all but one count. The Defendant now asks the Court to similarly merge the

multiple night hunting counts and the multiple possession of a loaded firearm in a motor vehicle

counts over the State's objection.


                        **FACTUAL AND PROCEDURAL HISTORY**

        The basis for Defendant Deleskey's Motion is an alleged violation of the Double

Jeopardy Clause to both the Maine and Federal Constitutions. The same constitutional provision

                                                                                        1

underlay the Defendant's previous and successful Motion to Dismiss multiple counts alleging possession of a firearm by a prohibited person in violation of 15 M.R.S.A. § 393. In the present matter, the Defendant again asserts illegal multiplicity, and that the Defendant's charges for night hunting and possession of a loaded firearm in a motor vehicle should be dismissed and merged.

While the parties agree that there is no Maine case law interpreting the double jeopardy clause under Maine's felon in possession statute, there is ample federal law interpreting the federal counterpoint to the Maine statute, 18 U.S.C. § 922(g).[1] The Court notes, as did the Defendant, that the language of 15 M.R.S.A. § 393 and 18 U.S.C. § 922(g) is virtually identical. The Defendant asserts that "possession is a course of conduct, not an act; by prohibiting possession Congress intended to punish as one offense all of the acts of dominion which demonstrate a continuing possessory interest in a firearm." *United States v. Hope*, 545 F.3d 293, 296 (5th Cir. 2008). Therefore, what is now before the Court is whether the same or similar rationale can be applied to the Defendant's alleged violations of statutes prohibiting night hunting and possession of a loaded firearm in a motor vehicle.


**DISCUSSION**

The Defendant's primary argument is that the only factor distinguishing each count of night hunting and each count of possession of a loaded firearm in a motor vehicle is the date. In other words, the Defendant states: "[w]hile each incident alleges a slightly different date, it is clear from the indictment alone that in only two hunting seasons Defendant hunted after sunset with a loaded gun in his vehicle. There is no functional difference between each count, and, indeed, they are identical except for the dates." (Def.'s M. Dismiss ¶ 2.) Defendant argues that

---

[1] The Maine statute prohibiting possession of a firearm by a prohibited person is 15 M.R.S.A. § 393(1)(A-1)(3).

2

each incident of night hunting and possession of a loaded firearm in a motor vehicle is part of a common scheme or plan to go night hunting while possessing a loaded gun in a vehicle.

12 M.R.S.A. § 11206 defines night hunting as "[h]unt[ing] wild birds or wild animals from 30 minutes after sunset to 30 minutes before sunrise of the following day . . . ." 12 M.R.S.A. § 11206(A). The Defendant asserts that there is no dispute that the alleged activities all took place well after sunset on each occasion. 12 M.R.S.A. § 11212 provides that "[a] person may not, while in or on a motor vehicle . . . have . . . a firearm with a cartridge or shell in the chamber . . . ." 12 M.R.S.A. § 11212(B). Unlike the charge of possession of a firearm by a prohibited person, there appears to be no federal counterpart to either § 11206 or § 11212.

"Multiplicity is charging the same offense in two or more counts of an indictment or information." *United States v. Widi*, 697 F. Supp. 2d 140, 144 (D. Me. 2010). *See also United States v. Lilly*, 983 F.2d 300, 302 (1st Cir. 1992); *United States v. Serino*, 835 F.2d 924, 930 (1st Cir. 1987); *United States v. Swaim*, 757 F.2d 1530, 1536 (5th Cir. 1985). Additionally, "[a]n indictment is multiplicitous when a single offense is charged in more than one count . . . and the Double Jeopardy Clause of the Fifth Amendment prohibits multiple punishments for a single offense." *Serino*, 835 F.2d at 930. *See also United States v. Maggitt*, 784 F.2d 590, 599 (5th Cir. 1986). The Fifth Circuit, in *Serino*, also articulated a test for whether an indictment is multiplicitous or straightforward. *See Serino*, 835 F.2d at 930. "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."[2] *See id. (citing Blockburger v. United States*, 284 U.S. 299,

---

[2] In *United States v. Goldberg*, the District Court for the District of Massachusetts observed of the *Blockburger* test that it "is primarily a test of legislative intent; because Congress can impose lengthy or multiple punishments under a single statute, it may similarly divide the same punishment into discrete offenses." 913 F. Supp. 629, 632 (D.

3

304 (1932); *see also Maggitt*, 784 F.2d at 599; *United States v. Marquardt*, 786 F.2d 771, 778 (7th Cir.1986); *United States v. Briscoe*, 742 F.2d 842, 845 (5th Cir.1984)).

"The double jeopardy clause of the Fifth Amendment to the United States Constitution protects a defendant who has been convicted of a crime from a second prosecution for the same offense *and from multiple punishments for the same offense*." *State v. Fairfield*, 644 A.2d 1052, 1054 (Me. 1994) (emphasis added). The Law Court added in *Fairfield*, that "[w]hen double jeopardy is at issue, the State may prosecute a defendant pursuant to more than one statutory provision only if a conviction pursuant to each provision requires proof of a factual element that the other did not." *Id.* Connecting double jeopardy with the concept of multiplicity, "[a] multiplicitous indictment risks subjecting a defendant to multiple sentences for the same offense, an obvious violation of the Double Jeopardy Clause's protection against cumulative punishment." *United States v. Kennedy*, 682 F.3d 244, 255 (3d Cir. 2012).

Federal courts also provide that it is "the role of Congress to define crimes and to determine the appropriate punishment for these offenses." *Serino*, 835 F.2d at 930 (internal citation omitted). If Congress defines the crimes charged as separate and distinct offenses, an accused may be charged with these offenses separately." *Id.* The Law Court, in *State v. Bagley*, indicated that, "when an indictment charges in ten counts what the court concludes is at most six offenses, the indictment suffers from multiplicity because it charges the same offense in two or more counts." 507 A.2d 560, 563 (Me. 1986). *But see Maggitt*, 784 F.2d at 599 (observing that "the fact that a defendant is charged twice in an indictment for the same conduct does not necessarily mean he is being charged with the same offense. One act may violate two or more statutes and constitute independent offenses."). Additionally, "[c]onsolidation, rather than

Mass. 1996). So, if the legislature provides for a specific mode of punishment, for example, harsher punishment for subsequent violations, then it likely intended for multiple punishments under the state statute.

4

dismissal, is the appropriate remedy for multiplicity." *Bagley*, 507 A.2d at 563. *See also United States v. Myers*, 407 A.2d 307, 310 (Me. 1979) (*citing United States v. Greenberg*, 30 F.R.D. 164, 169 (S.D.N.Y. 1962), and stating that "where an indictment contains a multiplicity of counts which charge the same crime, the court may consolidate the counts and dismiss all but one of them.").

Turning to the critical question of legislative intent, "[w]here the same statutory violation is charged in multiple counts, 'the question is whether Congress intended the facts underlying each count to make up a separate unit of prosecution.'" *United States v. Grimes*, 702 F.3d 460, 468 (8th Cir. 2012) (citing *Bell v. United States*, 349 U.S. 81, 83-84 (1955)). Thus, "we must decide whether Congress intended to punish . . . a course of conduct . . . or whether Congress sought to punish separately individual acts." *Grimes*, 702 F.3d at 468 (internal citation omitted). The prohibition on multiplicity is intended to provide constitutional protection in order to "'ensure that the sentencing discretion of courts is confined to the limits established by the legislature.'" *Kennedy*, 682 F.3d at 255 (*citing Ohio v. Johnson*, 467 U.S. 493, 499 (1984)). "[T]he test for multiplicity examines 'whether the legislature intended to make separately punishable the different types of conduct referred to in the various counts.'" *Kennedy*, 682 F.3d at 255 (*citing United States v. Stanfa*, 685 F.2d 85, 87 (3d Cir. 1982)). So, the inquiry the Court must undertake is to "determine whether there is a sufficient factual basis to treat each count as separate." *United States v. Stefanidakis*, 678 F.3d 96, 100-01 (1st Cir. 2012). In *Lilly*, the First Circuit found that "the pivotal determinant in considering cases of multiplicity frequently centers on whether Congress intended the acts charged to constitute a single crime or plural offenses." 983 F.2d at 302.

5

The concept of whether the Defendant allegedly committed a single crime or a string of the same crime is the distinction the Court must now make. In *Widi*, before Judge Singal in the United States District Court for the District of Maine, the defendant was charged with violating 18 U.S.C. § 922(g)(1)[3] by possessing four firearms and having been convicted of a felony offense. *See Widi*, 697 F. Supp. 2d at 144. The defendant was additionally charged with violating § 922(g)(1) by possessing four types of ammunition after having been convicted of a felony offense. *See id.* (articulating the charges leveled against defendant Widi).

The Government in *Widi* argued that the indictment was not multiplicitous because "each count specifically requires proof of elements different from one another." *Id.* (internal quotation marks omitted). However, the court noted that, "the Government cannot charge a defendant with multiple § 922(g)(1) counts for firearms and ammunition discovered at the same time in the same place." *Id.* at 144-45 (*citing United States v. Carrasco*, 257 F.3d 1045, 1052 (9th Cir. 2001)); *see also United States v. Hall*, 77 F.3d 398, 402 (11th Cir. 1996), *abrogated by Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332 (11th Cir. 2013) ("[s]ubstantial precedent . . . supports the view that the simultaneous possession of a firearm and ammunition should be punished as one offense."); *United States v. Berry*, 977 F.2d 915, 919 (5th Cir. 1992) (disallowing multiple convictions for simultaneous possession of a firearm and ammunition). While the basic premise of *Widi* applies to the instant matter because it appears to generally prohibit multiple charges of the same offense, it is certainly distinguishable, particularly from the alleged night hunting violations. However, as applies to the loaded firearm in a motor vehicle charge, it underscores the premise that multiple charges for ongoing possession can be multiplicitous.

---

[3] This is the federal provision analogous to 15 M.R.S.A. § 393, possession of a firearm by a prohibited person.

In *Hope*, a case upon which Defendant relies in his Motion to Dismiss filed on September 10, 2012, the United States Court of Appeals for the Fifth Circuit held that the defendant could not be convicted of two counts of § 922(g) violations based on being caught with a weapon and robbing a store with the same weapon on the previous day. *See* 545 F.3d at 296. Indeed, the court agreed with several of its fellow circuit courts, holding: "[p]ossession is a course of conduct, not an act; by prohibiting possession Congress intended to punish as one offense all of the acts of dominion which demonstrate a continuing possessory interest in a firearm." *Id.* (*citing United States v. Jones*, 533 F.2d 1387, 1391 (6th Cir. 1976)). Additionally in *Destefano*, Judge Hornby of the United States District Court for the District of Maine found that it was multiplicitous to convict the appellant of two counts of being a felon in possession of a firearm in violation of §§ 922(g) and 924(a)(2).

This case law certainly applies to the alleged § 11212 violation—possession of a loaded firearm in a motor vehicle—due to the possessory nature of the crime.[4] Again, defense counsel argued in his September 10, 2012 Motion to Dismiss filed on behalf of the Defendant that consolidation of the counts into a single count was appropriate because there was no interruption in Defendant's possession or control of the subject weapons between November 1, 2010 and December 4, 2011. The question, as pertains to the present Motion, is whether the same rationale can apply to the § 11212 violation.

The present iteration of § 11212 merely reflects that a violation of § 11212(1)(B) is penalized commensurate with a Class E crime. There is no indication of harsher punishments for

---

[4] Only one case decided by the Law Court addresses multiplicity under § 11212—*State v. Perry*, 2006 ME 76, 899 A.2d 806. In *Perry*, the defendant was convicted, among other charges, of two counts of having a loaded firearm in a motor vehicle. *See id.* at ¶ 1. The Law Court later vacated one of the convictions for having a loaded firearm in a motor vehicle not because of multiplicity but because there was insufficient evidence to find the defendant guilty on this offense except as an accomplice, and there was an erroneous accomplice liability instruction. *See id.* at ¶ 3. This case is included as an example of the Law Court declining to merge the charges into a single count, even though the court, in the end, decided to vacate the conviction for reasons other than multiplicity.

subsequent offenses, and there is likewise no commentary regarding whether the legislature intended multiple violations of § 11212 to be viewed as a single offense or multiple offenses. As will be seen in the upcoming discussion of the Defendant's multiple counts charged for night hunting, the penalty provision for § 11206 imparts a clear sense of progressive discipline for subsequent violations of the statute. So, perhaps the best approach to deciding the issue of consolidating the various § 11212 counts is through comparison and an evaluation of the scant precedent that exists in case law.

An additional inquiry must be made as to whether there is a difference between the sort of possession required to violate § 393, and the possession required to violate § 11212. Case law supports the notion that a pivotal element of § 11212 is the status of the defendant as a felon. Being found guilty of a felony is accompanied by a sense of permanence. In other words, so long as said felon has a firearm—whether in his actual possession or simply in his custody—he is perpetually in violation of § 393. But, this might not pertain to a § 11212 violation. Section 11212 requires several other elements: the firearm must be loaded, and it must be in a motor vehicle as defined by statute. The burden would be on the State to show that the firearm was at all times loaded and in the Defendant's vehicle. This presents proof issues for the State, however, because if the Defendant allegedly went night hunting, he presumably took the weapon with him. If he discharged the weapon, how does that affect the status of the firearm as "loaded?" Not to mention, the firearm is not actually in the vehicle if it is being used for hunting purposes.

While the Fifth Circuit in *Hope* "recognize[d] that continuing possession of the same firearm is a single course of conduct under [§ 922(g)], constituting one offense[,]" 545 F.3d at 296, the qualifying element for being a felon in possession of a firearm is different than the

8

qualifying elements for possession of a firearm in a motor vehicle. With respect to the possession element involved in the night hunting charges, there are other elements which create potentially distinct modus operandi. If on just one of those occasions it was neither loaded nor even in the vehicle, the State can no longer prove all elements of the crime with which the Defendant is charged. Additionally, removing the firearm from the vehicle likely amounts to an interruption of the crime, the like of which is not applicable to a § 393 violation because the Defendant at no time loses his status as a felon.

If the analysis pertaining to the § 11212 violation disfavors finding a multiplicitous indictment, the chances that the Court can appropriately find that the counts for night hunting should be merged would appear to be slim. Again, "the elements of night hunting consist of a firearm, ammunition, one's presence in an area known to be abundant with wildlife, a light and also an overt act, which includes shining a treeline, firing a shot, etc." Legis Rec. H-1358 (2d Reg. Sess. 2004). The Defendant argues that "[t]he State's discovery is rife with references to Defendant's common scheme or plan in going out night hunting while possessing a loaded gun in a vehicle and with a person that turned out to be an undercover warden throughout the two hunting seasons." (Def.'s M. Dismiss ¶ 2.) The Court would note that a police officer's view of "common scheme" could easily differ from what that phrase means for purposes of multiplicity analysis.

Defense counsel draws the Court's attention to some aforementioned case law, specifically the *Lilly* case decided by the First Circuit. In *Lilly*, the alleged fraud "was the basis of twenty-nine counts in the indictment—one count for each twenty-nine mortgages assigned." 983 F.2d at 302. Counsel correctly characterizes this decision when he comments that "[t]he federal courts look negatively on charging multiple incidents when a single incident that groups

all of the conduct is appropriate given a common scheme or plan." (Def.'s M. Dismiss ¶ 4.)

Turning back to *Lilly*, the court wrote that in that matter:

> Appellant assigned to a single bank a single package of documents that consistently misstated a single material fact in order to obtain a single loan, the proceeds of which funded a single real estate purchase. We believe these facts are more comfortably characterized as a single execution of a scheme rather than as twenty-some-odd separate executions of a scheme.

983 F.2d at 303. It appears clear that the scenario presented in *Lilly* fits far more appropriately into a "common scheme" argument because it is a combination of several frauds executed in order to obtain "any of the moneys . . . [of] a financial institution . . ." per 18 U.S.C. § 1344. In the Defendant's case, however, each incident of night hunting was a separate enterprise with its own end.

Other case law—both from the Law Court and from various federal courts throughout the country—comports with this characterization of precisely when merger is appropriate. In *Stefanidakis*, the First Circuit found that the defendant's convictions on four counts of transporting and on one count of possessing child pornography were based on different conduct, and thus the imposition of separate sentences did not violation the Double Jeopardy Clause. 678 F.3d at 100-01. The court inquired "whether there is a sufficient factual basis to treat each count as separate[,]" and because the defendant had transported each offending file separately, each of the four counts were impervious to a multiplicity challenge. *See id.* at 101.

And in *Jewell*, another case forwarded by the Defendant in the instant matter, the Ninth Circuit found that there was no basis to charge the defendant there with thirteen separate counts based on each invoice he signed as "part of an ongoing process of monitoring the government contract [at issue] in which [the defendant] had a financial interest." 827 F.2d at 588. In *Jewell*, there was a single government contract, and the invoices signed by the defendant were all

10

pursuant to that contract. *See id.* Therefore, the defendant's conduct could not be reasonably perceived as "separate," and was not a "discrete transaction" sufficient to support a separate basis for liability under the relevant statute. *See id.* The same rationale cannot be applied to the present matter. While in *Myers*, the cumulative conduct of the defendant amounted to a single instance of theft because the funds he was accused of stealing were commingled funds of three towns, *see* 407 A.2d at 309. In the present matter, the Defendant undertook on several occasions to engage in a night hunting enterprise; there is nothing substantial linking each instance of night hunting to another besides similarity of place, weapon, and subject, and because the Defendant was not constantly in violation of the statute (for he could not engage in night hunting during the daytime), the separateness of his conduct appears clear.

Finally, if gauging legislative intent is central to this analysis as suggested by federal jurisprudence, the Court would note that the penalty provision for §11206 provides as follows:

> A person who violates subsection 1 commits a Class D crime for which the court shall impose a sentencing alternative of not less than 3 days for the first offense, none of which may be suspended, *and of not less than 10 days for each succeeding offense*, none of which may be suspended; the court also shall impose a fine of not less than $1,000, none of which may be suspended.

12 M.R.S.A. § 11206(2)(A) (emphasis added).

**The entry will be:**

**The Court DENIES Defendant's Motion to Dismiss.**

_____  
T/16/13  
DATE

_____  
SUPERIOR COURT JUSTICE

11

STATE OF MAINE
  vs
JOSEPH A DELESKEY
466 BEAN ROAD
MOUNT VERNON ME 04352

DOB: 11/27/1973
Attorney: WALTER MCKEE
          MCKEE BILLINGS LLC PA
          133 STATE STREET
          AUGUSTA ME 04330
          RETAINED 05/22/2012

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2012-00388

**DOCKET RECORD**

State's Attorney: EVERT FOWLE

Filing Document: CRIMINAL COMPLAINT          Major Case Type: FELONY (CLASS A,B,C)
Filing Date: 05/21/2012

**Charge(s)**

1.  ILLEGAL POSSESSION OF FIREARM          11/01/2010 **MOUNT VERNON**
Seq 11378 15    393(1)(A-1)         Class C
   LUCE                / WAR

2   LOADED FIREARM OR CROSSBOW IN MOTOR     11/01/2010 **MOUNT VERNON**
   VEHICLE
Seq 11227 12    11212(1)(B)         Class E
   LUCE                / WAR

3   NIGHT HUNTING                          11/01/2010 **MOUNT VERNON**
Seq 10228 12    11206(2)(A)         Class D
   LUCE                / WAR

4   SHOOT FROM MOTOR VEHICLE OR MOTORBOAT   11/01/2010 **MOUNT VERNON**
Seq 10236 12    11212(1)(A)         Class E
   LUCE                / WAR

5   ILLEGAL POSSESSION OF FIREARM          11/02/2010 **MOUNT VERNON**
Seq 11378 15    393(1)(A-1)         Class C
   LUCE                / WAR

6   NIGHT HUNTING WITH NIGHT VISION EQUIPMENT  11/02/2010 **MOUNT VERNON**
Seq 10229 12    11206(2)(B)         Class D
   LUCE                / WAR

7   NIGHT HUNTING                          11/03/2010 **MOUNT VERNON**
Seq 10228 12    11206(2)(A)         Class D
   LUCE                / WAR

8   ILLEGAL POSSESSION OF FIREARM          11/03/2010 **MOUNT VERNON**
Seq 11378 15    393(1)(A-1)         Class C
   LUCE                / WAR

9   NIGHT HUNTING                          11/03/2010 **MOUNT VERNON**
Seq 10228 12    11206(2)(A)         Class D
   LUCE                / WAR

10  LOADED FIREARM OR CROSSBOW IN MOTOR     11/03/2010 **MOUNT VERNON**

VEHICLE
Seq 11227 12   11212(1)(B)     Class E
  LUCE         / WAR

11  ILLEGAL POSSESSION OF FIREARM       11/04/2010 MOUNT VERNON
Seq 11378 15   393(1)(A-1)     Class C
  LUCE         / WAR

12  NIGHT HUNTING                      11/04/2010 MOUNT VERNON
Seq 10228 12   11206(2)(A)     Class D
  LUCE         / WAR

13  ILLEGAL POSSESSION OF FIREARM       11/05/2010 MOUNT VERNON
Seq 11378 15   393(1)(A-1)     Class C
  LUCE         / WAR

14  NIGHT HUNTING                      11/05/2010 MOUNT VERNON
Seq 10228 12   11206(2)(A)     Class D
  LUCE         / WAR

15  ILLEGAL POSSESSION OF FIREARM       11/06/2010 MOUNT VERNON
Seq 11378 15   393(1)(A-1)     Class C
  LUCE         / WAR

16  NIGHT HUNTING                      11/06/2010 MOUNT VERNON
Seq 10228 12   11206(2)(A)     Class D
  LUCE         / WAR

17  NIGHT HUNTING                      11/26/2010 MOUNT VERNON
Seq 10228 12   11206(2)(A)     Class D
  LUCE         / WAR

18  UNLAWFUL FURNISHING SCHEDULED DRUG   11/27/2010 MOUNT VERNON
Seq 8564  17-A  1106(1-A)(D)     Class D
  LUCE         / WAR

19  NIGHT HUNTING                      11/27/2010 MOUNT VERNON
Seq 10228 12   11206(2)(A)     Class D
  LUCE         / WAR

20  NIGHT HUNTING                      11/28/2010 MOUNT VERNON
Seq 10228 12   11206(2)(A)     Class D
  LUCE         / WAR

21  NIGHT HUNTING                      10/31/2011 MOUNT VERNON
Seq 10228 12   11206(2)(A)     Class D
  LUCE         / WAR

22  ILLEGAL POSSESSION OF FIREARM       10/31/2011 MOUNT VERNON
Seq 11378 15   393(1)(A-1)     Class C
  LUCE         / WAR

23  NIGHT HUNTING                      10/14/2011 MOUNT VERNON

Seq 10228 12    11206(2)(A)         Class D
   LUCE                / WAR

24  ILLEGAL POSSESSION OF FIREARM          10/15/2011 MOUNT VERNON
Seq 11378 15    393(1)(A-1)         Class C
   LUCE                / WAR

25  NIGHT HUNTING                          10/15/2011 MOUNT VERNON
Seq 10228 12    11206(2)(A)         Class D
   LUCE                / WAR

26  ILLEGAL POSSESSION OF FIREARM          11/02/2011 MOUNT VERNON
Seq 11378 15    393(1)(A-1)         Class C
   LUCE                / WAR

27  NIGHT HUNTING                          11/02/2011 MOUNT VERNON
Seq 10228 12    11206(2)(A)         Class D
   LUCE                / WAR

28  ILLEGAL POSSESSION OF FIREARM          11/03/2011 MOUNT VERNON
Seq 11378 15    393(1)(A-1)         Class C
   LUCE                / WAR

29  NIGHT HUNTING                          11/03/2011 MOUNT VERNON
Seq 10228 12    11206(2)(A)         Class D
   LUCE                / WAR

30  ILLEGAL POSSESSION OF FIREARM          11/04/2011 MOUNT VERNON
Seq 11378 15    393(1)(A-1)         Class C
   LUCE                / WAR

31  NIGHT HUNTING                          11/04/2011 MOUNT VERNON
Seq 10228 12    11206(2)(A)         Class D
   LUCE                / WAR

32  ILLEGAL POSSESSION OF FIREARM          11/04/2011 MOUNT VERNON
Seq 11378 15    393(1)(A-1)         Class C
   LUCE                / WAR

33  LOADED FIREARM OR CROSSBOW IN MOTOR    11/04/2011 MOUNT VERNON
    VEHICLE
Seq 11227 12    11212(1)(B)         Class E
   LUCE                / WAR

34  DRIVING DEER                           11/04/2011 MOUNT VERNON
Seq 10297 12    11453(1)            Class E
   LUCE                / WAR

35  ILLEGAL POSSESSION OF FIREARM          11/05/2011 MOUNT VERNON
Seq 11378 15    393(1)(A-1)         Class C
   LUCE                / WAR

36  NIGHT HUNTING                          11/05/2011 MOUNT VERNON

Seq 10228 12    11206(2)(A)           Class D
   LUCE                  / WAR

37  HUNT OR POSSESS WILD TURKEY DURING CLOSED  11/05/2011 MOUNT VERNON
    SEASON
Seq 10223 12    11201(5)              Class E
   LUCE                  / WAR

38  DRIVING DEER                          11/05/2011 MOUNT VERNON
Seq 10297 12    11453(1)              Class E
   LUCE                  / WAR

39  HUNTING DEER AFTER HAVING KILLED ONE   11/05/2011 MOUNT VERNON
Seq 10301 12    11501(2)              Class D
   LUCE                  / WAR

40  CRIMINAL TRESPASS                     11/05/2011 MOUNT VERNON
Seq 2806  17-A  402(1)(C)             Class E
   LUCE                  / WAR

41  NIGHT HUNTING                         11/30/2011 MOUNT VERNON
Seq 10228 12    11206(2)(A)           Class D
   LUCE                  / WAR

42  LOADED FIREARM OR CROSSBOW IN MOTOR   11/30/2011 MOUNT VERNON
    VEHICLE
Seq 11227 12    11212(1)(B)           Class E
   LUCE                  / WAR

43  HUNTING DEER AFTER HAVING KILLED ONE   12/01/2011 MOUNT VERNON
Seq 10301 12    11501(2)              Class D
   LUCE                  / WAR

44  CRIMINAL TRESPASS                     12/01/2011 MOUNT VERNON
Seq 2806  17-A  402(1)(C)             Class E
   LUCE                  / WAR

45  NIGHT HUNTING                         12/01/2011 MOUNT VERNON
Seq 10228 12    11206(2)(A)           Class D
   LUCE                  / WAR

46  CRIMINAL TRESPASS                     12/01/2011 MOUNT VERNON
Seq 2806  17-A  402(1)(C)             Class E
   LUCE                  / WAR

47  ILLEGAL POSSESSION OF FIREARM         12/02/2011 MOUNT VERNON
Seq 11378 15    393(1)(A-1)           Class C
   LUCE                  / WAR

48  DRIVING DEER                          12/02/2011 MOUNT VERNON
Seq 10297 12    11453(1)              Class E
   LUCE                  / WAR

06/12/2012 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
2,33,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57
HEARING - INITIAL APPEARANCE HELD ON 06/12/2012
DONALD H MARDEN , JUSTICE
Attorney: WALTER MCKEE
DA: BRAD GRANT
Defendant Present in Court

06/12/2012 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
2,33,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57
PLEA - NO ANSWER ENTERED BY DEFENDANT ON 06/12/2012

06/12/2012 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
2,33,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57
HEARING - STATUS CONFERENCE SCHEDULED FOR 08/14/2012 at 10:00 a.m.

06/12/2012 BAIL BOND - $5,000.00 UNSECURED BAIL BOND SET BY COURT ON 06/12/2012
DONALD H MARDEN , JUSTICE
NOT TO USE OR POSSESS ANY ALCOHOL, ILLEGAL DRUGS, DANGEROUS WEAPONS, INCLUDING FIREARMS,
SUBMIT TO SEARCH AND TESTING AT ANY TIME WITHOUT PROBABLE CAUSE, NO CONTACT WITH RICHARD A
DELESKEY, RICHARD M DELESKEY, CLAYTON HALL, BONNIE CURRIER, DOUGLAS STEVENS, ROBERT
ROONEY, VALTER ALMEIDA, JUSTIN KINNEY, DANIEL GOUCHER, NO POSSESSION OF FIREARMS, NO
HUNTING, NOT TO RETURN TO HIS RESIDENCE, LOCATED AT 466 BEAN ROAD IN MT VERNON UNTIL
2/3/12, MAY HAVE CONTACT WITH RICHARD A DELESKEY RELATING TO MED
06/12/2012 BAIL BOND - $5,000.00 UNSECURED BAIL BOND FILED ON 06/12/2012

Bail Amt: $5,000
Date Bailed: 06/12/2012
06/12/2012 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
2,33,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57
HEARING - STATUS CONFERENCE NOTICE SENT ON 06/12/2012

08/09/2012 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
2,33,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57
HEARING - STATUS CONFERENCE NOT HELD ON 08/09/2012

08/09/2012 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
2,33,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57
HEARING - ARRAIGNMENT SCHEDULED FOR 08/14/2012 at 08:30 a.m.

08/10/2012 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
2,33,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57
SUPPLEMENTAL FILING - INDICTMENT FILED ON 08/09/2012

08/10/2012 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
2,33,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57
HEARING - ARRAIGNMENT NOTICE SENT ON 08/10/2012

08/14/2012 BAIL BOND - UNSECURED BAIL BOND AMENDED ON 08/14/2012
DONALD H MARDEN , JUSTICE
Date Bailed: 06/12/2012
08/14/2012 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
2,33,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57

HEARING - ARRAIGNMENT HELD ON 08/14/2012
DONALD H MARDEN , JUSTICE
READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
DEFENDANT.  21 DAYS TO FILE MOTIONS
08/14/2012 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
2,33,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 08/14/2012

08/14/2012 BAIL BOND - $5,000.00 UNSECURED BAIL BOND SET BY COURT ON 08/14/2012
DONALD H MARDEN , JUSTICE
NO USE/POSS OF ALCOHOLIC BEVERAGES OR ILLEGAL DRUGS TO BE SEARCHED AT ANY TIME.
08/14/2012 TRIAL - DOCKET CALL SCHEDULED FOR 10/02/2012 at 10:45 a.m.

09/10/2012 MOTION - MOTION TO DISMISS FILED BY DEFENDANT ON 09/10/2012

Attorney: WALTER MCKEE
W/INCORPORATED MEMORANDUM OF LAW
09/14/2012 HEARING - MOTION TO DISMISS SCHEDULED FOR 10/02/2012 at 10:45 a.m.

NOTICE  TO PARTIES/COUNSEL
09/21/2012 LETTER - REQUEST FOR PROTECTION FILED ON 09/20/2012

10/11/2012 HEARING - MOTION TO DISMISS NOT HELD ON 10/02/2012

10/11/2012 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
2,33,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57
HEARING - STATUS CONFERENCE SCHEDULED FOR 10/29/2012 at 08:30 a.m.

10/11/2012 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
2,33,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57
HEARING - STATUS CONFERENCE NOTICE SENT ON 10/11/2012

10/29/2012 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
2,33,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57
HEARING - STATUS CONFERENCE HELD ON 10/29/2012
JOHN  NIVISON , JUSTICE
Attorney: WALTER MCKEE
DA: JAMES MITCHELL
Defendant Present in Court

CONFERENCE IN CHAMBERS TO SEE IF DA HAS MADE PLEA OFFER TO DEFENSE
10/29/2012 TRIAL - DOCKET CALL HELD ON 10/02/2012

Defendant Present in Court
10/29/2012 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
2,33,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57
TRIAL - DOCKET CALL SCHEDULED FOR 12/04/2012 at 11:00 a.m.

12/04/2012 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
2,33,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57
TRIAL - DOCKET CALL HELD ON 12/04/2012
DONALD H MARDEN , JUSTICE
Defendant Present in Court

12/04/2012 HEARING -  MOTION TO DISMISS SCHEDULED FOR 12/20/2012 at 09:00 a.m.

          NOTICE  TO PARTIES/COUNSEL
12/04/2012 HEARING -  MOTION TO DISMISS NOTICE SENT ON 12/04/2012

12/17/2012 Charge(s): 5,8,11,13,15,22,24,26,28,30,32,35,47,54,56
          FINDING -  DIS BY DA/AG-OTHER ENTERED ON 12/14/2012

12/17/2012 Charge(s): 1
          MOTION -  MOTION TO AMEND COMPLAINT FILED BY STATE ON 12/14/2012

12/20/2012 MOTION -  MOTION TO DISMISS GRANTED ON 12/14/2012

          COPY TO PARTIES/COUNSEL                                    5, 8, 11, 13,
          15, 22, 24, 26, 28, 30, 32, 35, 47, 54, 56, DISMISSED
12/20/2012 Charge(s): 1
          MOTION -  MOTION TO AMEND COMPLAINT GRANTED ON 12/20/2012
          DONALD H MARDEN , JUSTICE
          COPY TO PARTIES/COUNSEL
12/20/2012 HEARING -  MOTION TO DISMISS NOT HELD ON 12/20/2012

12/20/2012 Charge(s): 5,8,11,13,15,22,24,26,28,30,32,35,47,54
          ABSTRACT -  SBI ISSUED ON 12/20/2012

12/20/2012 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
          2,33,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57
          TRIAL -  DOCKET CALL SCHEDULED FOR 02/08/2013 at 08:30 a.m.

01/22/2013 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
          2,33,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57
          TRIAL -  DOCKET CALL NOTICE SENT ON 01/08/2013

02/08/2013 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
          2,33,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57
          TRIAL -  DOCKET CALL CONTINUED ON 02/08/2013
          M MICHAELA MURPHY , JUSTICE
02/08/2013 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
          2,33,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57
          TRIAL -  JURY TRIAL SCHEDULED FOR 02/11/2013 at 08:30 a.m.

          NOTICE TO PARTIES/COUNSEL
02/11/2013 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
          2,33,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57
          TRIAL -  JURY TRIAL NOT HELD ON 02/11/2013

02/11/2013 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
          2,33,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57
          HEARING -  RULE 11 HEARING SCHEDULED FOR 02/26/2013 at 08:30 a.m.

          NOTICE TO PARTIES/COUNSEL
02/26/2013 MOTION -  MOTION TO DISMISS FILED BY DEFENDANT ON 02/26/2013

04/08/2013 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3

2,33,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57
HEARING -  RULE 11 HEARING NOT HELD ON 02/26/2013

04/08/2013 Charge(s): 1
        HEARING -  RULE 11 HEARING SCHEDULED FOR 04/12/2013 at 08:30 a.m.
        M MICHAELA MURPHY , JUSTICE
        NOTICE TO PARTIES/COUNSEL
04/12/2013 Charge(s): 1
        HEARING -  RULE 11 HEARING HELD ON 04/12/2013
        M MICHAELA MURPHY , JUSTICE
        READING WAIVED
04/12/2013 Charge(s): 1
        PLEA -  GUILTY ENTERED BY DEFENDANT ON 04/12/2013

04/12/2013 TRIAL -  DOCKET CALL SCHEDULED FOR 05/07/2013 at 11:00 a.m.

05/22/2013 LETTER -  FROM PARTY FILED ON 05/22/2013

        Attorney: WALTER MCKEE
        CASE CITED BY THE STATE FILED BY ATTY MCKEE FOR JUSTICE MURPHY
06/13/2013 TRIAL -  DOCKET CALL NOT HELD ON 06/13/2013

06/13/2013 CASE STATUS -  DECISION UNDER ADVISEMENT ON 05/17/2013
        M MICHAELA MURPHY , JUSTICE
06/13/2013 HEARING -  MOTION TO DISMISS SCHEDULED FOR 05/17/2013 at 08:30 a.m.

        NOTICE  TO PARTIES/COUNSEL
06/13/2013 HEARING -  MOTION TO DISMISS HELD ON 05/17/2013
        M MICHAELA MURPHY , JUSTICE
        Attorney: WALTER MCKEE
        DA:  JOELLE PRATT
        Defendant Present in Court

        TAPE#1706, INDEX#2779-3339
07/17/2013 MOTION -  MOTION TO DISMISS DENIED ON 07/16/2013
        M MICHAELA MURPHY , JUSTICE
        COPY TO PARTIES/COUNSEL
07/17/2013 ORDER -  COURT ORDER ENTERED ON 07/16/2013
        M MICHAELA MURPHY , JUSTICE
        DECISION AND ORDER ON DEF'S MOTION TO DISMISS NIGHT HUNTING AND POSSESSION OF LOADED GUN
        IN VEHICLE CHARGES AND MERGE INTO SINGLE COUNT...THE COURT   DENIES DEF'S MOTION TO
        DISMISS.  COPY OF ORDER MAILED TO ATTY MCKEE AND DA OFFICE ON 7/17/13.

A TRUE COPY
ATTEST: _____
                Clerk