# United States Court of Appeals
## For the First Circuit

No. 17-1754

UNITED STATES OF AMERICA,

Appellee,

v.

RODERICK PÉREZ-GONZÁLEZ, a/k/a Canito,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Torruella, Dyk,[*] and Barron,
Circuit Judges.

Raúl S. Mariani-Franco for appellant.
Daniel N. Lerman, Attorney, Criminal Division, Appellate
Section, United States Department of Justice, with whom Rosa Emilia
Rodríguez-Vélez, United States Attorney, Mariana E. Bauzá-Almonte,
Assistant United States Attorney, Chief, Appellate Division, and
Francisco A. Besosa-Martínez, Assistant United States Attorney,
were on brief, for appellee.

July 28, 2020

---

[*] Of the Federal Circuit, sitting by designation.

**BARRON, Circuit Judge**.  In early 2017, Roderick Pérez-González pleaded guilty to a drug conspiracy offense in the United States District Court for the District of Puerto Rico.  He now raises a double jeopardy challenge under the Fifth Amendment to the United States Constitution to that conviction based on his earlier prosecution for a federal drug conspiracy crime, to which he had also pleaded guilty.  We affirm.

## I.

In July of 2010, a federal grand jury in the United States District Court for the District of Puerto Rico charged Pérez with conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana around the Columbus Landing Public Housing Project in Mayagüez, Puerto Rico, in violation of 21 U.S.C. § 846.  The indictment alleged that the conspiracy began roughly in 2002, continued to the date of the indictment, and involved Pérez and twenty-seven of his co-defendants.  The indictment also charged Pérez with four additional offenses:  three counts of aiding and abetting in the possession with intent to distribute, for cocaine base, cocaine, and marijuana, respectively, in violation of 21 U.S.C. § 841(a)(1), and one count of conspiracy to possess firearms during and in relation to drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A) and § 924(o).

In April of 2011, Pérez agreed to plead guilty to the conspiracy to possess with intent to distribute charge in exchange

for the government's agreement to request dismissal of the other counts. Pérez conceded in the plea agreement's statement of facts that he "acted as a seller for the drug trafficking organization" at the Columbus Landing Public Housing Project, and that, in so doing, he "distribute[d] street quantity amounts of crack cocaine, cocaine, and marijuana" and "possess[ed] and carr[ied] firearms in order to protect the drug distribution activities and their proceeds."

The District Court accepted Pérez's guilty plea and sentenced him to seventy months' imprisonment, which was later reduced to a prison term of sixty months. In October of 2015, Pérez completed his sentence and began his term of supervised release.

Less than a year later, in July of 2016, a federal grand jury in the United States District Court for the District of Puerto Rico again charged Pérez with conspiring to possess narcotics with the intent to distribute in violation of 21 U.S.C. § 846. Again, it was alleged that the conspiracy was to sell narcotics within the Columbus Landing Public Housing Project. This time, though, the grand jury charged Pérez alongside thirty-nine alleged co-conspirators and alleged that the conspiracy began around 2010 and continued up to the date of the 2016 indictment. The new indictment also charged Pérez with an additional three counts of aiding and abetting in the distribution of narcotics in violation

of 21 U.S.C. § 841(a)(1) for distributing, respectively, cocaine base, cocaine, and marijuana. Finally, like the first indictment, the new one charged him with conspiracy to possess firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) and § 924(o).

Pérez entered into another agreement with the government in February of 2017. As before, Pérez agreed to plead guilty to the drug trafficking conspiracy charge in exchange for the government promising to request the dismissal of the other charges. The plea agreement incorporated a statement of facts in which Pérez admitted "that he was a drug point owner of the drug trafficking organization" at the Columbus Landing Public Housing Project and that he "controlled and supervised the drug trafficking operations" there. In the statement of facts, Pérez also acknowledged that, in his role as a drug point owner, he "was responsible for directly and indirectly providing sufficient narcotics to the runners and sellers" of the conspiracy "for further distribution" and that he "collected the proceeds of the drug sales and paid [his] co-conspirators."

The plea agreement incorporated a waiver of appeal provision. In it, Pérez "knowingly and voluntarily waive[d] the right to appeal the judgment and sentence in this case, provided that [he] [was] sentenced in accordance with the terms and conditions" of the deal.

- 4 -

The District Court accepted Pérez's guilty plea and sentenced him, in accord with the plea agreement, to a term of seventy-two months' imprisonment.[1] Pérez then filed a timely notice of appeal.

**II.**

The Double Jeopardy Clause of the United States Constitution bars the United States from prosecuting "a single person for the same conduct under equivalent criminal laws." Puerto Rico v. Sánchez Valle, 136 S. Ct. 1863, 1876 (2016); see U.S. Const. amend. V. Pérez contends that his second prosecution for conspiracy in violation of 21 U.S.C. § 846 impermissibly put him "twice" "in jeopardy" "for the same offense," U.S. Const. amend. V, because it was for the same underlying conduct as his prior prosecution for violating that statute.

The government responds in part that Pérez's waiver of appeal in his plea agreement requires that we dismiss this challenge. But, even if it is not waived because a double jeopardy violation would work a "miscarriage of justice," Sotirion v. United States, 617 F.3d 27, 33 (1st Cir. 2010) (quoting United States v. Teeter, 257 F.3d 14, 25 (1st Cir. 2001)), the challenge still fails.

---

[1] At the same hearing, the District Court sentenced Pérez to an additional eighteen months' imprisonment for violating the conditions of release for his initial conviction and ordered the two sentences to run consecutive to one another.

So long as the record supplies "a rational basis" for concluding that two counts to which a defendant has pleaded guilty are "predicated on different conduct," United States v. Stefanidakis, 678 F.3d 96, 100 (1st Cir. 2012), then the defendant has, by pleading guilty twice, "concede[d] that he has committed two separate crimes," United States v. Broce, 488 U.S. 563, 570 (1989). Moreover, a defendant who has pleaded guilty cannot "contradict the 'admissions necessarily made upon entry of a voluntary plea of guilty.'" United States v. Class, 138 S. Ct. 798, 805 (2018) (quoting Broce, 488 U.S. at 573-74). Thus, a defendant who brings a double jeopardy challenge to a second prosecution in which he pleaded guilty based on a prior one in which he did the same is limited to the facts contained in the "indictments and the existing record." Class, 138 S. Ct. at 804 (quoting Broce, 488 U.S. at 576). Because Pérez did not raise his challenge below, we apply plain error review. See Stefanidakis, 678 F.3d at 99-100; see also United States v. Ríos-Rivera, 913 F.3d 38, 41-43 (1st Cir.) (treating an unpreserved challenge to a conviction entered after a guilty plea as forfeited when it targets "the government's authority to prosecute a defendant"), cert. denied, 139 S. Ct. 2647 (2019). We conclude he cannot meet that standard because there is a "rational basis" for finding that the conduct underlying the first federal conspiracy conviction is

distinct from the conduct underlying the second, to which he also pleaded guilty.

Here, Pérez correctly notes that the two conspiracy prosecutions concerned conduct at the same "places" and charged him with violations of "the same statutory provision." United States v. Laguna-Estela, 394 F.3d 54, 57 (1st Cir. 2005). But, the record still reveals that there is a rational basis to conclude that the two conspiracies were distinct.

The record shows that the counts in question charged conspiracies that began on different dates, ended on different dates, and, despite spanning a fourteen-year period, overlapped for about six months at most. See United States v. Collazo-Aponte, 216 F.3d 163, 198 (1st Cir. 2000) (holding two conspiracies to be distinct, in part because they "involve[d] different time periods" despite a year-long overlap), vacated on other grounds, 532 U.S. 1036 (2001); Broce, 488 U.S. at 570 (looking at the different start dates of conspiracies to find them facially distinct). Pérez urges that we adopt a rule that would "solely require[] [the] defendant to establish that the charged conspiracy was committed within the same overlapping period[] as his prior acquittal or conviction for the same offense," but, as he recognizes, our precedent rejects such a rule. See, e.g., Laguna-Estela, 394 F.3d at 57-59 (finding two conspiracies distinct in spite of an overlap in time period);

see also United States v. Barbosa, 896 F.3d 60, 74 (1st Cir. 2018) (discussing the law-of-the-circuit doctrine).

In addition to the temporal distinctions between the two charged conspiracies, a review of the counts in question shows that the charged conspiracies involved many distinct participants. Specifically, they were alleged to have involved, respectively, twenty-eight and forty co-conspirators, with only four individuals, including Pérez himself, overlapping. See United States v. Booth, 673 F.2d 27, 29-30 (1st Cir. 1982) (finding two conspiracies distinct in part because only ten individuals participated in both conspiracies and thus "the persons involved in the two conspiracies [were] substantially different"). The record also shows that Pérez played a different role in each conspiracy (as a seller and drug point owner, respectively). See Laguna-Estela, 394 F.3d at 58 (finding two conspiracies distinct in part due to evidence that the defendant's role in each conspiracy was different). And, while the second conspiracy aimed to sell all the same drugs as were involved in the first conspiracy -- cocaine, cocaine base, and marijuana -- it also involved the sale of two additional drugs -- Percocet and Xanax -- that were not identified in the first indictment. See Broce, 488 U.S. at 571 (deeming two conspiracies facially distinct in part because they "embraced separate objectives").

Thus, there is ample support for finding that Pérez has "conceded guilt to two separate offenses." <u>Id.</u> at 571. Accordingly, we **affirm** the conviction that Pérez challenges.